George H. LOWTHER et ux., et al., Appellants,

v.

George H. LOWTHER, Jr., et ux., Appellees.

No. 5963.

Court of Civil Appeals of Texas, Waco.

March 8, 1979.

Rehearing Denied March 29, 1979.

Louis F. Linden, San Antonio, for appellants.

James G. Murry, San Antonio, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants from judgment awarding plaintiffs title and possession of a described [house and] lot in the City of San Antonio.

Plaintiffs George H. Lowther, Jr., and wife Kristin sued defendants George H. Lowther and wife Luella, and Yvonne Rebecca Lowther, alleging George, Jr. was and is owner of a described [house and] lot in San Antonio; that in 1972 he executed a deed to such lot to Yvonne Rebecca; that he retained possession of the deed until January 1976 when he recorded it upon Yvonne Rebecca's promise to reconvey the property to him "as soon as the smoke had blown away" in regard to possible claim of a former wife of George, Jr.; that Yvonne Rebecca has conveyed the property to George, Sr. and wife. Plaintiffs sought judgment for title and possession of the property.

Trial was to a jury which found among other matters that Yvonne Rebecca and Luella promised George, Jr. that if the deed to the property was recorded in January 1976, that they would deed the title back to George, Jr., "as soon as the smoke had blown away"; and that George, Jr. relinquished possession of the deed for recordation as a result of such promise.

The trial court rendered judgment vesting title and possession of the described lot in plaintiffs.

Defendants appeal on 11 points contending:

1) The judgment is unsupported by the pleading.
2) There is no evidence and/or insufficient evidence on which the trial court could impliedly find that a constructive trust had been imposed on the property.
3) The trial court erred in failing to make the statement of facts conform to the truth.

Plaintiff George, Jr. is the son of defendants George, Sr. and wife Luella; and is the brother of defendant Yvonne Rebecca. The defendants appeared pro se in the trial court.

George, Jr. and his first wife Debra purchased the property in controversy in early 1972. They made no down payment; made a VA loan for $9,750; and George, Jr.'s mother, Luella, as a gift to George, Jr. paid the closing costs of about $200. George, Jr. and Debra moved to Arkansas in March 1972. George, Jr. offered to sell his equity in the property for $300. to the realtor who had sold him the property, but when his parents objected he executed a deed to the property on April 19, 1972 to his sister Yvonne Rebecca. Yvonne Rebecca paid nothing. She moved into the house and thereafter made 6 payments of $85. on the loan. In October 1972 George, Jr. who was now divorced from Debra, returned to San Antonio and moved into the house with Yvonne Rebecca. George, Jr. had been awarded the property in the divorce from Debra. When George, Jr. moved into the house with his sister in October 1972 she gave him back the April 19, 1972 deed, which had not been recorded. George, Jr. commenced making the $85. per month payments on the loan and continued same for about six years. Yvonne Rebecca stayed in

the house with George, Jr. for some three months, and moved out when George, Jr. married his second wife Kristin. In January 1976 Debra wrote George, Jr. inquiring if she had any interest in the house. George, Jr. became concerned and discussed the matter with his mother and sister. George, Jr. was encouraged to file the April 19, 1972 deed to Yvonne Rebecca for record, and was told "when the smoke cleared" Yvonne Rebecca would deed the title back to him. George, Jr. and Kristin continued to live in the house until 1977 when they purchased a larger home, and contracted to sell the property here involved to a Mr. and Mrs. Narvaiz for $15,500. Yvonne Rebecca refused to deed the property back to George, Jr. and deeded it to George, Sr. and wife Luella. Yvonne Rebecca, George, Sr. and Luella all claim an interest in the property but did not testify as to what interest they claimed. George, Jr. at one point offered defendants $1000. in settlement, if they would reconvey the property to him. Defendants refused to convey the property to plaintiffs and plaintiffs filed this case.

No exceptions were levelled at plaintiffs' pleadings and we hold that same. are ample to support the judgment. In the absence of special exceptions the petition will be liberally construed in the pleader's favor and to support the judgment. *Scott v. Gardner*, 137 Tex. 628, 156 S.W.2d 513; *Tolson v. Carroll*, CCA (Waco) NWH, 313 S.W.2d 131; Rule 90, TRCP. And insufficiency of a pleading cannot be raised for the first time on appeal. *Sherman v. Provident American Ins. Co.*, S.Ct., 421 S.W.2d 652; *Lewter v. Dallas County*, CCA (Waco) NRE, 525 S.W.2d 885.

There is ample evidence from which the trial court could impliedly find that a constructive trust had been imposed upon the property. See: *Oak Cliff Bank & Trust Co. v. Steenbergen*, CCA (Waco) NRE, 497 S.W.2d 489; *Omohundro v. Matthews*, 161 Tex. 367, 341 S.W.2d 401. Such cases hold the law imposes a constructive trust where there is a fiduciary or confidential relationship between two parties and the party holding property or money would profit by a wrong or be unjustly enriched if he were allowed to keep the property or money.

And a constructive trust is not in reality a trust but is an equitable remedy. *Miller v. Huebner*, CCA (Houston 14) NRE, 474 S.W.2d 587.

Defendants alleged some 73 inaccuracies in the Statement of Facts, and assert that the Statement of Facts had been altered. The trial judge had a hearing on the matter at which defendants failed to prove that any alteration had occurred.

All defendants' points have been considered and are overruled.

AFFIRMED.