**Rolf SCHUETT, Appellant,**

v.

**Kenneth HUFSTETLER, D/B/A H. & H. Electric, Appellee.**

**No. B2337.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 5, 1980.

Margaret Mathews Mobley, Houston, for appellant.

Anthony Gunn, Dickinson, for appellee.

Before COULSON, MILLER and SALAZAR, JJ.

MILLER, Justice.

This is a case involving a suit on sworn account. Plaintiff–appellee Kenneth Hufstetler d/b/a H & H Electric brought suit to recover amounts allegedly owing him for electrical goods and services provided to Defendant–appellant Rolf Schuett. At the close of his evidence plaintiff moved for judgment, stating that he had made a prima facie case on sworn account and that defendant had not answered according to

law any proper defense. The trial judge, sitting without a jury, granted judgment for appellee. Appellant perfected this appeal, asserting 7 points of error. We reverse and remand.

Appellee and his son run a part–time electrical business known as H & H Electric. Appellant was in the process of remodeling and adding on to his personal residence in Dickinson, Texas in late 1976 or early 1977 and he employed appellee to do the electrical work involved in the construction and remodeling. Appellee was paid for part of the work, but he alleges that some $837.00 is still owing. The amounts allegedly due appellee were billed by two invoices admitted into evidence in the court below. The invoices (dated July 4, 1978 and November 20, 1978) recite that the electrical labor and material were sold to R. S. Associates, Inc. and not to appellant Rolf Schuett, individually. Appellant is an officer of R. S. Associates, Inc.

The trial judge denied appellant's motion that the court find in his favor and instead granted judgment for appellee. This appeal followed.

In his point of error 2, appellant complains that the trial court erred as a matter of law by finding that appellee had made a prima facie case against him, individually, when the account alleges and the evidence establishes an open account and claims for goods and services billed and sold to R. S. Associates, Inc., who is not a party to the lawsuit.

■ It has been held in several Texas sworn account cases that a prima facie case is not established against an *individual* where the invoices used as a basis for the action show that the goods and services involved were sold to a *corporation*. See *Hassler v. Texas Gypsum Co.*, 525 S.W.2d 53 (Tex.Civ.App.–Dallas 1975, no writ); *Copeland v. Hunt*, 434 S.W.2d 156 (Tex.Civ. App.–Corpus Christi 1968, writ ref'd n. r. e.). *See also Dean v. K–C Fuel Co.*, 524 S.W.2d 805 (Tex.Civ.App.–Austin 1975, no writ); *Boysen v. Security Lumber Co.*, 531 S.W.2d 454 (Tex.Civ.App.–Houston [14th Dist.] 1975, no writ); *Starlight Supply Co.*

*v. Feris*, 462 S.W.2d 608 (Tex.Civ.App.–Austin 1970, no writ); 45 Tex.Jur.2d *Pleading* § 16 (1963).

■ Under the facts of the instant case the invoices forming the basis of the account specifically state that the electrical labor and materials were sold to R. S. Associates, Inc. These invoices therefore could not form the basis of a *prima facie* sworn account case against Rolf Schuett individually, as the above cases indicate. This is not to say, and we do not hold, that it is a foregone conclusion that Rolf Schuett is not individually liable on the account, only that a prima facie case against him has not been established.

■ Because of this conclusion it was not necessary that Rolf Schuett answer plaintiff's suit with a sworn denial sufficient to satisfy Tex.R.Civ.P. 185, as asserted by appellee. A general denial would have been sufficient. *Copeland v. Hunt*, 434 S.W.2d 156 (Tex.Civ.App.–Corpus Christi 1968, writ ref'd n. r. e.). Thus we do not address this issue. Appellant's denial was clearly sufficient to controvert plaintiff's assertion of his individual liability.

■ Although appellant was given the opportunity to cross–examine plaintiff's principal witness, because of our holdings above we also hold that it was error for the court below to grant judgment for plaintiff before defendant could present any evidence refuting his individual liability. *Safway Scaffold Co. v. Safway Steel Products*, 570 S.W.2d 225 (Tex.Civ.App.–Houston [1st Dist.] 1978, writ ref'd n. r. e.).

The case is therefore reversed and remanded for further development of the evidence as to Rolf Schuett's individual liability on the debt allegedly owing H & H Electric.