**Affirmed in Part; Reversed and Rendered in Part and Opinion filed August 9, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00373-CV

**DILIP TANDAN, Appellant**

**V.**

**AFFORDABLE POWER, L.P., Appellee**

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 956968**

## OPINION

Affordable Power, L.P., an electricity reseller, sued Dilip Tandan and Matthew Vere. Affordable Power predicated its suit on claims for a sworn account, fraud, and breach of contract in connection with a contract between Affordable Power and an entity called Cross Media Fort Worth, LLC (CM–Fort Worth).

The trial court granted a directed verdict against Tandan on the sworn account because Tandan did not file a verified denial. After a bench trial, the trial court signed a judgment against Tandan and Vere finding both defendants liable for fraud and breach of contract. In five issues, Tandan argues that the trial court lacked jurisdiction because Affordable Power did not have standing to sue; the trial court erred by granting a directed

verdict on the sworn account; there is legally and factually insufficient evidence to support the judgment on the fraud and breach of contract claims; and Affordable Power is not entitled to attorney's fees as a matter of law.

We affirm the trial court's judgment on Affordable Power's fraud claim and recovery of $6,180.61 from Tandan. We reverse the trial court's judgment on the sworn account, breach of contract claim, and claim for attorney's fees, and render judgment that Affordable Power take nothing from Tandan on these claims.

## BACKGROUND

Four witnesses testified during the bench trial: Michael Tobias, Nate Wagner, Akber Virani, and Matthew Vere.

Tobias was the chief executive officer of Cross Media Dallas, Inc. (CM–Dallas). He discussed with Vere the possibility of creating a regional printing company, and Tobias created CM–Fort Worth to execute the deal with Vere.[1] Tobias testified that Tandan was the comptroller for Vere's business — Authentic Barr — and Tandan was working with Vere in October 2006. Tobias testified that he backed out of the deal with Vere because Tobias discovered that Vere was providing false invoices to Authentic Barr's bank misrepresenting that certain work had been completed. According to Tobias, the invoices "would have been something that would have come through Dilip Tandan's hands." Around the same time that Tobias performed this due diligence, Authentic Barr was locked out of its building pursuant to a court order. Finally, Tobias testified that he did not authorize Vere to sign up CM–Fort Worth to obtain electricity from Affordable Power.

Wagner was the collection manager and custodian of records for Affordable Power. He testified about the documents in Affordable Power's file for CM–Fort Worth, which Affordable Power offered for admission into evidence as Exhibit 1. This exhibit

---

[1] Tobias "put[] together the corporate documents" for CM–Fort Worth. CM–Dallas owned CM–Fort Worth.

included, among other documents, a "commercial enrollment authorization" (the contract), a copy of Vere's driver's license, and a fax transmission cover sheet. The contract was between "Affordable Power Plan" and CM–Fort Worth to establish new electricity service. The contract listed "Matthew Zere" as the guarantor, signatory, and owner of CM–Fort Worth. The contract included Vere's date of birth, driver's license number, social security number, and signature.[2] The contract did not include Tandan's name or signature.

Wagner testified that the CM–Fort Worth contract was faxed to Affordable Power by Tandan, and the fax cover sheet in the file accompanied a copy of Vere's driver's license. According to Wagner, the fax cover sheet included Tandan's name and signature. Wagner testified that the only record he had regarding a communication with Tandan was the fax cover sheet, dated October 25, 2006. Finally, Wagner testified that he would not allow a contract to be entered with a customer and would not provide services if he knew that "a customer does not have authority to sign up for a contract."

Virani testified that he worked for Affordable Power in October 2006 when he met with Matthew Vere (or Zere).[3] Vere provided Virani with all of the information Virani wrote down on the contract. At the conclusion of the meeting, Vere said he would sign it and fax it back. Virani testified that the signed contract was faxed directly to Affordable Power. Virani never mentioned Tandan.

During trial, Affordable Power moved for a directed verdict against Tandan "for failing to file a verified denial to [the] sworn account." The trial court signed an order granting this motion and signed a final judgment in favor of Affordable Power on its breach of contract and fraud claims against both Vere and Tandan. The court awarded Affordable Power $6,180.61 in damages and $20,000.00 attorney's fees at trial with

---

[2] Although Vere testified that Tandan had a stamp with Vere's name on it and the signature on this contract appeared to be a stamp, the trial court specifically found that "Vere and Vere's defense were not credible." The trial court found that "[t]he contract contained Vere's signature."

[3] Virani's testimony conflicted regarding whether the person's name was Vere or Zere.

additional post-judgment and appellate attorney's fees, finding Vere and Tandan jointly and severally liable. The trial court signed findings of fact and conclusions of law in part as follows:

6. . . . . Plaintiff supplied power to this location after Dilip Tandan faxed a contract to Plaintiff for the power. Dilip Tandan was Vere's comptroller at this time.

7. The contract was sent to Plaintiff by Dilip Tandan along with a copy of Vere's driver's license. The contract contained information provided by Defendants . . . . The contract also contained Vere's signature.

8. The contract stated that it was on behalf of Cross Media Fort Worth. However, neither Vere nor Dilip Tandan were authorized to enter into the contract for electrical services on behalf of Cross Media Fort Worth.

                    *                    *                    *

12. . . . . Plaintiff moved for Directed Verdict against Dilip Tandan for failing to file a verified denial. The Court concluded that Dilip Tandan did not have a legal basis to defend the sworn account claim because he did not file a verified denial and granted the Motion.

                    *                    *                    *

14. Plaintiff supplied power at the location where Defendants directed Plaintiff to supply it and was never paid for the power. A valid contract between them existed. Defendants materially breached the contract by failing to pay for the usage . . . .

15. The Court found that Defendants were liable to Plaintiff under its claim for breach of contract and under Plaintiff's sworn account claims. . . .

                    *                    *                    *

18. Defendants misrepresented that they had authority to sign the contract on behalf of Cross Media Fort Worth when they knew that they did not. Defendants knew this was a false representation. Plaintiff relied on this material misrepresentation. Defendants intended for Plaintiff to rely on this misrepresentation and Plaintiff did in fact rely on it in providing the electricity. The Court concluded that Defendants were liable for fraud.

4

Tandan filed a timely notice of appeal.[4]

ANALYSIS

## I.    Standing

In his first issue, Tandan argues for the first time on appeal that the court lacks jurisdiction because Affordable Power, L.P. "is not the proper party to bring suit and thus, it lacks standing, which warrants a dismissal." Tandan notes that the contract at issue in this case was with "Affordable Power Plan," not "Affordable Power, L.P." He attached to his appellate brief a copy of the Secretary of State's form 633, a "certificate of conversion of a corporation converting to a limited partnership," which converted "Affordable Power, Inc." to "Affordable Plan, L.P.," and a certificate of formation for Affordable Power, L.P. Tandan contends that "it appears that an entity named Affordable Plan, LP is the party that would have standing to bring the underlying claims." Affordable Power contends that (1) this issue is not one of standing but rather capacity to sue; and (2) Tandan has waived the issue because he failed to raise the issue in the trial court by verified pleading. We agree with Affordable Power.

"A plaintiff must have both standing and capacity to bring a lawsuit. The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in its outcome, whereas the issue of capacity 'is conceived as a procedural issue dealing with the personal qualifications of a party to litigate.'" *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1559, at 441 (2d ed. 1990)). "A plaintiff has **standing** when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has **capacity** when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). Without standing, a court lacks subject matter jurisdiction; thus, the issue may be raised for the first time on appeal.

---

[4] Vere is not a party to this appeal.

5

*Lovato*, 171 S.W.3d at 849. A challenge to a party's capacity to bring suit, however, must be raised by a verified pleading in the trial court. *Id.* (citing Tex. R. Civ. P. 93(1)-(2); *Sixth RMA Partners v. Sibley*, 111 S.W.3d 46, 56 (Tex. 2003)).

Tandan's contention that Affordable Power, L.P. was not the proper party to bring suit because the contract involved an entity called "Affordable Power Plan" or "Affordable Plan, L.P." is a capacity issue rather than a standing issue. *See, e.g.*, *Sibley*, 111 S.W.3d at 55–56 (limited partnership's failure to file an assumed name certificate or a corporation's failure to pay a registration fee involved capacity issues); *Rutledge v. Leonard*, No. 10-07-00376-CV, 2009 WL 1412859, at *2 (Tex. App.—Waco May 20, 2009, no pet.) (mem. op.) (partner's ability to "recover individually for breach of a contract that specifies the contract is with [the partnership]" involved capacity issue); *Spurgeon v. Coan & Elliot*, 180 S.W.3d 593, 596–98 (Tex. App.—Eastland 2005, no pet.) (determining whether "Coan and Elliot, Attorneys at Law" could sue for legal fees owing to "Coan and Elliot, L.L.P." without proof of assignment of the claim involved capacity issue). Because Tandan failed to raise this capacity issue in the trial court, it is waived. *See Nootsie*, 925 S.W.2d at 662.

Tandan's first issue is overruled.

## II. Directed Verdict on Sworn Account

In his second and third issues, Tandan challenges the trial court's directed verdict on Affordable Power's suit on a sworn account. In particular, Tandan argues in his third issue that he was not required to file a verified denial because he was not a party to the transaction and the sworn account was improper as a matter of law. Affordable Power responds that "[a]ny claim about [the] sworn account being defective was waived;" the sworn account properly alleges that Affordable Power and Tandan entered into a contract; and Tandan's failure to file a verified denial amounts to an admission that the account is correct.

6

A plaintiff is entitled to a directed verdict when "reasonable minds can draw only one conclusion from the evidence." *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex. 1978). Thus, a directed verdict is proper when: "(1) a defect in the opponent's pleading renders it insufficient to support a judgment; (2) the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law; or (3) the evidence offered on a cause of action is insufficient to raise an issue of fact." *Wilson & Wilson Tax Servs., Inc. v. Mohammed*, 131 S.W.3d 231, 241 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Texas Rule of Civil Procedure 185 describes "the evidence necessary to establish a prima facie right of recovery or defense" for a suit on a sworn account. *Hou-Tex Printers, Inc. v. Marbach*, 862 S.W.2d 188, 190 (Tex. App.—Houston [14th Dist.] 1993, no pet.); *see* Tex. R. Civ. P. 185.[5] If a plaintiff complies with Rule 185's requirements, the plaintiff is entitled to judgment as a matter of law unless the defendant files a verified denial. *See Hou-Tex. Printers*, 862 S.W.2d at 190; *Powers v. Adams*, 2 S.W.3d 496, 498 (Tex. App.—Houston [14th Dist.] 1999, no pet.). A defendant's failure to file a verified denial "conclusively establishes that there is no defense to the suit on the sworn account." *Powers*, 2 S.W.3d at 498–99.

However, a defendant who is a "stranger to the transaction" does not need to submit a verified denial. *Sundance Oil Co. v. Aztec Pipe & Supply Co., Inc.*, 576 S.W.2d 780, 780–81 (Tex. 1978). When the plaintiff's evidence fails to identity the defendant as the debtor on the account, "the sworn account is not considered as prima facie proof of the debt." *Id.* (invoice identified the name of another debtor in addition to the defendant); *Schuett v. Hufstetler*, 608 S.W.2d 787, 788 (Tex. Civ. App.—Houston [14th Dist.] 1980, no writ) (invoice identified the name of a different debtor instead of the defendant).

---

[5] *See also Smith v. CDI Rental Equip., Ltd.*, 310 S.W.3d 559, 566 (Tex. App.—Tyler 2010, no pet.) ("[A] suit on a sworn account is not an independent cause of action; it is a procedural rule with regard to evidence necessary to establish a prima facie right of recovery of certain types of contractual (account) claims."); *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 913–14 (Tex. App.—Dallas 2008, no pet.) (same).

Affordable Power argues that its evidence establishes that there was a transaction between Affordable Power and Tandan because Affordable Power's first amended petition described Tandan as a "Debtor" and stated that Affordable Power and "Debtors entered into a valid contract," which "Debtors breached." But Affordable Power attached an invoice to its petition, and the invoice named only "Cross Media Fort Worth" as the debtor. Because Affordable Power's evidence failed to conclusively establish Affordable Power's right to a judgment as a matter of law, Tandan's general denial was sufficient. *See, e.g.*, *Sundance Oil*, 576 S.W.2d at 780–81; *Schuett*, 608 S.W.2d at 788.

Accordingly, to the extent Affordable Power's waiver argument is based on Tandan's failure to file a verified denial, the argument lacks merit. Affordable Power also relies upon *Lowther v. Lowther*, 578 S.W.2d 560 (Tex. Civ. App.—Waco 1979, writ ref'd n.r.e.), to argue that the "insufficiency of a pleading cannot be raised for the first time on appeal." *Id.* at 562. *Lowther* is not a sworn account case and does not apply to Tandan's contention that Affordable Power's sworn account was deficient as a matter of law. *See Panditi v. Apostle*, 180 S.W.3d 924, 926 (Tex. App.—Dallas 2006, no pet.) (when defendant fails to file a verified denial, it is still "within the province of the court of appeals to determine, as a matter of law, whether the pleadings are sufficient on their face to constitute a sworn account"); *Price v. Pratt*, 647 S.W.2d 756, 757 (Tex. App.—Corpus Christi 1983, no writ) (same).

The trial court erred by granting a directed verdict against Tandan on Affordable Power's suit on a sworn account. Tandan's third issue is sustained.

### III.  Breach of Contract

In his fifth issue, Tandan contends that the evidence is legally and factually insufficient to support the trial court's finding that Tandan and Affordable Power entered into a contract. Affordable Power responds that Tandan "waived his right to complain about this" and that Affordable Power "did not have [to] prove a breach of contract case

8

against Tandan because Tandan never filed a verified denial in response to the suit on a sworn account. The Court properly entered a directed verdict against Tandan."

Having concluded that Affordable Power's suit on a sworn account was deficient as a matter of law and that Tandan was not required to file a verified denial, we similarly reject Affordable Power's contention that Tandan waived this issue. Because Affordable Power's evidence attached to its petition suggested that Tandan was a stranger to the account, Affordable Power's verified pleading did not establish a prima facie right of recovery. *See, e.g.*, *Sundance Oil*, 576 S.W.2d at 780–81; *Schuett*, 608 S.W.2d at 788. And, generally, pleadings are not evidence that will support a judgment. *See, e.g., Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971); *Derbigny v. Bank One*, 809 S.W.2d 292, 295 (Tex. App.—Houston [14th Dist.] 1991, no writ).

Further, we conclude that Affordable Power introduced no evidence that Tandan entered into a contract with Affordable Power — there is no evidence of an agreement between the two parties. The written contract did not contain Tandan's name or signature; it contained only Vere's name and signature as the personal guarantor and owner of CM–Fort Worth. As Affordable Power's agent responsible for executing the contract, Virani testified that he met with Vere; Virani never mentioned Tandan's name. Wagner testified that the only record of any communication between Affordable Power and Tandan was a fax cover sheet transmitting Vere's driver's license. There is legally insufficient evidence that Affordable Power and Tandan entered into a contract.

Tandan's fifth issue is sustained.

## IV.  Fraud

In his fourth issue, Tandan contends the evidence is legally and factually insufficient to support the trial court's finding that Tandan committed fraud against Affordable Power. In particular, Tandan challenges the sufficiency of the evidence to support the findings that (1) Tandan made a misrepresentation upon which Affordable

Power relied; and (2) Affordable Power suffered damages as a result of a misrepresentation.

## A. Misrepresentation and Reliance

The trial court found that Vere and Tandan committed fraud by "misrepresent[ing] that they had authority to sign the contract on behalf of Cross Media Fort Worth when they knew that they did not." The court also found that Affordable Power relied on this misrepresentation by providing electricity to Vere and Tandan.

Tandan's argument concerning the lack of evidence of his misrepresentation and Affordable Power's reliance is based entirely on the assertion that Affordable Power's Exhibit 1 was not admitted into evidence. Tandan claims that Affordable Power "did not introduce into evidence any document it may have received from Tandan by facsimile or otherwise. . . . [Exhibit 1] was not admitted into evidence at trial, as the trial court took the matter of the document's admissibility 'under advisement' and never made a ruling admitting the agreement into evidence or sustaining the objection." Tandan argues further: "The actual document that was allegedly faxed by Tandan and its contents, however, was not admitted into evidence. As such, there is no evidence in the record of any misrepresentation Tandan may have made to Affordable Power. Consequently, there can be no reliance when there is no evidence that the alleged representation at issue was ever received."

During oral argument before this court, however, Tandan agreed the document was admitted into evidence. The trial court never sustained Tandan's objection to this document; the court took the objection "under advisement."[6] Later, the trial court

---

[6] Tandan waived any error regarding the document's admission. *See Acco Int'l Paper Stock Corp. v. Sea-Land Serv., Inc.*, 615 S.W.2d 855, 857 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ) (party waived error because trial court's taking the objections and motions "under advisement" was not a ruling on the motions and objections); *see also* Tex. R. App. P. 33.1(a)(2) (error preserved when trial court rules on a request, objection, or motion, or when the complaining party objects to the trial court's refusal to rule).

clarified with an order stating that the objection "was accepted as to the weight to be given the exhibit but not to its admissibility."

Contrary to Tandan's sole argument, Exhibit 1 was admitted into evidence.

## B. Damages

Tandan's argument concerning the lack of evidence of Affordable Power's resulting damages is based entirely on the assertion that Affordable Power is not "the real party-in-interest [and] lacks standing to pursue the claims at issue because those claims belong to a separate and distinct legal entity." As we concluded above, this argument concerns Affordable Power's capacity to sue, and the issue was waived by Tandan's failure to raise the issue in a verified pleading in the trial court. The record contains evidence of Affordable Power's damages.

Tandan's fourth issue is overruled.

## V. Attorney's Fees

Tandan contends that the trial court erroneously awarded attorney's fees. The parties agree that the court could not award attorney's fees for Affordable Power's fraud claim. *See MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 667 (Tex. 2009). Affordable Power contends that fees were proper for its suit on a sworn account and breach of contract claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(7)-(8) (Vernon 2008). But as we concluded above, Affordable Power's sworn account was deficient as a matter of law, and there is no evidence of a contract between Affordable Power and Tandan. Accordingly, Affordable Power could not recover attorney's fees from Tandan. *See, e.g.*, *Wilson & Wilson Tax Servs., Inc. v. Mohammed*, 131 S.W.3d 231, 240 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Tandan's final issue is sustained.

## CONCLUSION

We affirm the trial court's judgment on Affordable Power's fraud claim and recovery of $6,180.61 from Tandan. We reverse the trial court's judgment on the sworn account, breach of contract claim, and claim for attorney's fees, and render judgment that Affordable Power take nothing from Tandan on these claims.


/s/     William J. Boyce
              Justice


Panel consists of Justices Boyce, Christopher, and Jamison.