**Opinion issued November 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-14-01011-CV**

————————————

**HOPE THERAPY, Appellant**

**V.**

**ST. ANTHONY'S HOSPITAL A/K/A LTHM HOUSTON-OPERATION, LLC D/B/A ST. ANTHONY'S HOSPITAL, INDIVIDUALLY, AS WELL AS JOINTLY AND SEVERALLY; AND JASON LEDAY A/K/A JASON DAMON LEDAY, INDIVIDUALLY AS WELL AS JOINTLY AND SEVERALLY; AND DERIC OUTLEY A/K/A DERIC DEMOND OUTLEY, INDIVIDUALLY, AS WELL AS JOINTLY AND SEVERALLY, AND VICTORIA MAE BABINEAUX A/K/A VICTORIA SHANEQUIA BABINEAUX, INDIVIDUALLY, AS WELL AS JOINTLY AND SEVERALLY, Appellees**

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-74149**

## MEMORANDUM OPINION

A hospital and three of its employees were sued by an entity listed in its petition as "Hope Therapy." After multiple parties filed summary-judgment motions, the trial court entered a judgment in favor of the defendants. Hope Therapy appeals that judgment and contends that (1) material questions of fact exist that make summary judgment inappropriate, (2) the employee-defendants are liable independent of their employer-defendant, (3) there is an enforceable contract that the defendants breached, and (4) Hope Therapy is a proper plaintiff.

We affirm.

## Background

Hope Therapy contends that it had a contractual relationship with LTHM Houston-Operations, LLC d/b/a St. Anthony's Hospital to provide outpatient services to St. Anthony's Hospital patients and that those services had been provided by Hope Therapy's "representative," Lily Woldu. Hope Therapy sued St. Anthony's Hospital and three of its employees for breach of contract and various tort claims, including unjust enrichment, fraud, and "negligent infliction of emotional distress."

Approximately 10 months after Hope Therapy filed suit, the individual employee-defendants—Jason LeDay, Deric Outley, and Victoria Babineaux—filed a traditional motion for summary judgment, arguing that they are entitled to

judgment as a matter of law on three grounds: (1) Hope Therapy is neither a recognized legal entity nor a party to the contract that it is attempting to enforce and, therefore, lacks capacity and standing to sue; (2) employee-defendants have established an affirmative defense that they have no legal liability for an alleged breach of a contract by their employer; and (3) Texas law does not recognize a claim for "negligent infliction of emotional distress." The individual defendants also filed a no-evidence motion for summary judgment, arguing that Hope Therapy had no evidence of one or more essential elements of any of its claims.

Hope Therapy responded with its own summary-judgment motions, arguing that there was "undisputed evidence" that St. Anthony's breached its contract and the individual defendants refused to honor Hope Therapy's demand for payment.

The trial court granted the defendants' summary-judgment motions and denied Hope Therapy's summary-judgment motions. The trial court found "that Hope Therapy is not a validly formed and existing domestic business entity, nor a foreign entity authorized to conduct business in Texas, including the right to bring suit in a Texas court." The court ruled that "Defendants' Traditional Motion for Summary Judgment premised on lack of capacity is in all things accordingly granted, disposing of Plaintiff's lawsuit entirely. It is, therefore, ordered, adjudged, and decreed that Plaintiff Hope Therapy take nothing by its lawsuit against LTHM Houston Operations, LLC, Jason LeDay, Deric Outley, or Victoria Babineaux."

3

The order concludes with a statement that "[t]his judgment disposes of all parties and claims in this cause of action and is therefore final."[1]

Hope Therapy filed a motion to vacate, modify, correct, or reform the summary judgment. It argued that there was sufficient evidence to establish its capacity to sue and each element of its claims, relying in part on deposition testimony from its "representative," Lily Woldu. Hope Therapy asserted that this evidence was not "made available" until after judgment was entered because the transcript of her testimony was not received until two days after the trial court signed the judgment.

The defendants responded. They contended that Hope Therapy had not established that it had capacity to sue and did not bring forth any evidence in support of its claims. Specifically, they argued that the "new evidence" did not meet the requirements for post-judgment relief because Woldu could have submitted an affidavit in opposition to the summary-judgment motions but did not.

Hope Therapy's motion for reconsideration was denied. Hope Therapy appeals the trial court's judgment.

---

[1] These three provisions—dismissing the lawsuit "entirely," stating that Hope Therapy take nothing against the non-moving party, St. Anthony's Hospital, and disposing of "all parties and claims"—demonstrates the trial court issued a final judgment even though only the individual defendants were movants. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (describing judgments that purport to be final judgments but do not actually dispose of all claims as "erroneous, but final" judgments and stating that such judgments are appealable).

## Legal Capacity

The defendants moved for summary judgment on multiple grounds, including that there was no signed contract and that "Hope Therapy" had no legal capacity to sue.

"A plaintiff must have both standing and capacity to bring a lawsuit." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). "[A] party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) (emphasis omitted); *Tandan v. Affordable Power, L.P.*, 377 S.W.3d 889, 893 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (quoting *Nootsie*). While standing is a jurisdictional issue, capacity is not. *Sixth RMA Partners v. Sibley*, 111 S.W.3d 46, 56 (Tex. 2003); *Tandan*, 377 S.W.3d at 893; *see* TEX. R. CIV. P. 93(1)–(2) (verified pleadings concerning capacity). Whether a party has filed the requisite assumed-name certificate to bring suit in a Texas court raises an issue of capacity. *See, e.g.*, *Sibley*, 111 S.W.3d at 55–56.

Hope Therapy's petition references three contracts with St. Anthony's Hospital. The first is an agreement between St. Anthony's Hospital and "Hope P.C., a Texas limited liability company." In the signature block for Hope, P.C., is written "Lily Woldu" with the "title" of "Represen[ta]tive (CEO)." The second is

another contract between St. Anthony's Hospital and "Hope P.C., a Texas limited liability company." It is signed on behalf of Hope, P.C., by Lily Woldu as "CEO Represent[a]tive." The third contract is between St. Anthony's Hospital and a different Hope Therapy entity, "Hope Therapy, LLC, a Texas limited liability company."[2]

In support of their traditional summary-judgment motion on the issue of Hope Therapy's capacity, the defendants attached search results from the Secretary of State website indicating that Hope Therapy is not a registered, recognized DBA of any entity and that there is no entity registered with the State named Hope Therapy. They also attached their counsel's affidavit, which confirms these search results.

Hope Therapy did not address the capacity issue directly in its summary-judgment response. Throughout its response, it consistently referred to the "plaintiff" as "she" or "her," asserting, for example, that the "plaintiff" has suffered severe emotional distress "resulting in her having the following conditions and symptoms . . . loss of weight, sleep and daily activity . . . psychiatric and psychological mental fatigue/stress . . . [f]amily separation from her husband and her two (2) children due to severe emotional instability and anxiety" and other

---

[2]  While two of these three contracts have signatures on behalf of a Hope Therapy entity, none are signed on behalf of St. Anthony's Hospital; the copies of the contracts in evidence are unexecuted.

personal losses. From this pleading, it appears that the claims are being asserted by Woldu, individually, not an entity.[3] But Hope Therapy did not amend its pleadings to add Woldu as a plaintiff or to explain Hope Therapy's capacity to sue on behalf of Woldu or the entities that purportedly had contracts with St. Anthony's Hospital, i.e., "Hope P.C., a Texas limited liability company" and "Hope Therapy, LLC, a Texas limited liability company."

When conducting business under an assumed name, a certificate must be filed with the appropriate county clerk. TEX. BUS. & COM. CODE ANN. § 71.054 (West 2015). This is true for individuals and entities. *See, e.g.*, TEX. BUS. & COM. CODE ANN. § 71.051 (West 2015) (requiring person who regularly conducts business or renders professional services in Texas under assumed name to file certificate); *Id.* § 71.101 (West 2015) (requiring limited liability companies to file certificate if it regularly conducts business or renders professional services in Texas under assumed name). Failure to comply with these provisions prevents a party from maintaining an action in a Texas court arising out of a contract in which the assumed name was used until an original, new, or renewed certificate has been filed. TEX. BUS. & COM. CODE ANN. § 71.201(a) (West 2015).

---

[3] Hope Therapy's evidence supports this view. It attached copies of payments St. Anthony's Hospital purportedly made for past professional services by Hope Therapy. These checks were made payable to "Lily Woldu."

The defendants proffered evidence that Hope Therapy does not have legal capacity to sue them. Hope Therapy offered no evidence to contradict the defendants' evidence. It attached no supporting documents to its response to the summary-judgment motion. Nor did it request an abatement for additional time to present such evidence or amend is pleadings. Instead, in its own no-evidence summary-judgment motion, it declared, "Clearly, the Plaintiff signed the Contract (Agreement April, 2012) and has performed."

Based on this record and the arguments asserted by the parties, we conclude that the trial court did not err by concluding that Hope Therapy lacked capacity to maintain its suit for damages.

After judgment was entered, Hope Therapy argued for reconsideration based on Woldu's deposition testimony. It argued that this evidence was not "made available" until after the trial court ruled because the deposition transcript was not received until two days after the judgment was signed by the trial court.

Hope Therapy does not appeal the denial of its motion for reconsideration; however, to the extent Hope Therapy relies on the deposition testimony in this appeal, we conclude that the trial court did nor err by disregarding the testimony. Any information held by Woldu, the self-described contractual "representative" of "Hope Therapy," would have been available to Hope Therapy in the form of an affidavit at earlier points in the litigation to timely respond to the defendants'

summary-judgment motion. *Cf. Xiao Yu Zhong v. Sunblossom Gardens, L.L.C.*, No. 01-08-00470-CV, 2009 WL 1162213, at *9 (Tex. App.—Houston [1st Dist.] Apr. 30, 2009, pet. denied) (mem. op.) (concluding that trial court did not abuse discretion when it denied rehearing after party attempted to supplement summary-judgment evidence to attach affidavit).

We overrule Hope Therapy's sixth issue. Having agreed that Hope Therapy did not have capacity to sue on these claims, we do not reach its arguments related to the merits of its claims and, therefore, do not reach its remaining issues.

**Conclusion**

We affirm.

Harvey Brown
Justice

Panel consists of Justices Jennings, Higley, and Brown.