**AFFIRM in Part, REVERSE and REMAND in Part; and Opinion Filed August 21, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00957-CV

**KENNETH LEO BUHOLTZ, Appellant**
**V.**
**GREGG GIBBS, CHARLES PHILIPS, AND PHILMOORE MANAGEMENT, LLC,**
**Appellees**

On Appeal from the County Court at Law No. 4
Collin County, Texas
Trial Court Cause No. 004-01275-2016

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Brown

Pro se appellant Kenneth Leo Buholtz appeals the trial court's orders granting appellees

Gregg Gibbs's and Charles Philips's dismissal motions and the summary judgment motion of

appellee Philmoore Management, LLC (Philmoore). In seven issues, Buholtz complains the trial

court erred in (1) dismissing his claims against Gibbs and Philips, (2) granting summary judgment

in favor of Philmoore, (3) issuing a final and appealable order without having ruled on a fraud

counterclaim, (4) granting protective orders barring further discovery and proceedings, and (5)

refusing to consider and/or grant motions, including motions for telephonic appearances. For the

following reasons, we (1) affirm the trial court's orders dismissing Buholtz's claims against Gibbs

and Phillips, (2) affirm the trial court's order granting summary judgment in favor of Philmoore

on its suit on a sworn account, and (3) reverse the trial court's order granting summary judgment

in favor of Philmoore to the extent it grants summary judgment on Buholtz's fraud counterclaim and remand the case for further proceedings consistent with this opinion.

BACKGROUND

In June 2016, Buholtz sued Gibbs and Philips for legal malpractice allegedly arising from Gibbs's representation of Buholtz in a divorce and criminal action and Philips's representation of Buholtz in the divorce action. Philmoore, assignee of the accounts previously held by the law firm that employed Philips, intervened and filed an original petition for suit on sworn account seeking $17,250.24 in unpaid fees billed to Buholtz for legal services. In response, Buholtz raised a counterclaim asserting the "past-due notice" forming the basis of Philmoore's suit was fraudulent.

Gibbs and Philips separately filed Rule 91a motions to dismiss Buholtz's claims against them. Buholtz filed a motion for telephonic hearing, which the trial court granted.[1] On August 12, 2016, the trial court entered orders dismissing Buholtz's causes of action against Gibbs and Philips with prejudice.[2] Buholtz appealed the dismissal orders, but the Sixth District Court of Appeals[3] dismissed the appeal for lack of jurisdiction because, although the orders stated the "cause number" was "dismissed, with prejudice," both Philmoore's suit on sworn account and Buholtz's counterclaim against Philmoore remained pending and, therefore, the dismissal orders were not final, appealable orders. *See Buholtz v. Gibbs*, No. 06-16-0068-CV, 2017 WL 6887292 (Tex. App.—Texarkana Jun. 2, 2017, no pet.).

Back in the trial court, Philmoore moved for summary judgment on its suit on sworn account, and the trial court set a hearing date of March 15, 2018. Buholtz filed a motion for

---

[1] According to Buholtz's amended brief, he participated in a telephonic hearing on the motions on August, 12, 2016, but the docket sheet indicates the hearing was cancelled. There is no reporter's record of a hearing.

[2] After the orders of dismissal were entered, the trial court, Collin County Court at Law No. 7, signed an order recusing from the case and transferring the case to Collin County Court at Law No. 4.

[3] Buholtz appealed to this Court, but the Texas Supreme Court transferred the appeal to the Sixth District Court of Appeals pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

continuance and motion for telephonic appearance. The trial court granted a continuance until April 26, 2018, but denied Buholtz's motion for telephonic appearance and advised it would decide the matter on submission. The trial court subsequently entered an order granting Philmoore's summary judgment motion, and Buholtz filed this appeal.

IMPROPER BRIEFING

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Strange v. Cont'l Casualty Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied). And, as at trial, a pro se appellant must properly present his case on appeal. *Id*. at 678. Among other things, an appellant's brief must contain a Statement of Facts supported by record references and "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(g), (i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) An appellant waives error if he does not provide appropriate citation to authority or the record. *Dallas Indep. Sch. Dist., v. Finlan*, 27 S.W.3d 220, 237 (Tex. App.—Dallas 2000, pet. denied).

Buholtz filed a brief that did not contain citations to the record and, thus, was not in compliance with the rules of appellate procedure. By order, we notified him the brief was deficient and instructed him to file an amended brief with appropriate citations to the clerk's record and that otherwise complied with Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1. Buholtz filed an amended brief, which includes some references to the clerk's record in the Statement of the Case and Issues Presented sections. The amended brief's Statement of Facts and Arguments section, however, contain no citations to the clerk's record. And, although the amended brief cites to some legal authority on the elements of his malpractice claims, it cites no legal authority to support the particular arguments he raises in this appeal.

–3–

The clerk's record contains more than 700 pages. As appellant, Buholtz has the burden to show reversible error, and this Court has no responsibility to search a voluminous record for facts that may be favorable to his position. *Bolling*, 315 S.W.3d at 895; *Finlan*, 27 S.W.3d at 237. Because Buholtz's amended brief is unsupported by appropriate citations to the record and authority, he has preserved nothing for our review. *See* TEX. R. APP. P. 38.1(g), (i); *Finlan*, 27 S.W.3d at 237. Nevertheless, we will consider his issues individually to the extent possible.

GIBBS'S MOTION TO DISMISS

In his first issue, Buholtz contends the trial court erred in dismissing his claim against Gibbs because the trial court did not allow a continuance so it could consider his "Opposition in Response to Gibbs' Motion to Dismiss"[4] In support of his issue, Buholtz "re-assert[ed] his arguments from the Original Petition," recounting facts, without any citations to the clerk's record, related to Gibbs's representation of Buholtz.

Under Texas Rule of Civil Procedure 251, "[n]o application for a continuance shall . . . be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. We review a trial court's ruling on a motion for continuance for abuse of discretion. *See BMC Software Belg., N.W. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). We will not reverse the trial court's decision unless it acted unreasonably or arbitrarily "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

There is no motion for continuance in the clerk's record, and Buholtz does not explain how the trial court erred in not allowing a continuance or cite to any legal authority in support of his

---

[4] Buholtz, who is incarcerated, dated the Opposition and its certificate of service on August 6, 2016. The "prisoner mailbox rule," if applicable, deems court filings by pro se inmates filed with the clerk of the court "at the time the prison authorities duly receive the document to be mailed." *Enriquez v. Livingston*, 400 S.W.3d 610, 621–22 (Tex. App.—Austin 2013, pet. denied) (citing *Ramos v. Richardson*, 228 S.W.3d 671, 673–74 (Tex. 2007)). Here, the dismissal motion hearing was set on August 12, 2016, making Buholtz's response due by August 5, 2016, seven days before the hearing date. *See* TEX. R. CIV. P. 91a.4. Thus, even under the prison mailbox rule, Buholtz's Opposition was untimely filed.

–4–

contention. Because Buholtz has not developed any factual or legal argument to show the trial court abused its discretion in not granting a continuance, we overrule his first issue.

PHILIPS'S MOTION TO DISMISS

In his second issue, Buholtz contends the trial court erred in granting Philips's motion to dismiss. In the Issues Presented section of the amended brief, Buholtz asserts the trial court granted the motion without "having entertained Hughes Tolling" or "allowing evidence to prove damages." In the Argument section, however, he simply recounts facts, without citation to the record, related to Philips's representation of appellant in his divorce action and maintains Philips's failure to perform certain tasks constituted a breach of the standard of care due in the attorney/client relationship and the breach proximately caused injuries to Buholtz.

Texas Rule of Civil Procedure 91a authorizes a defendant to move for dismissal of a cause of action that has no basis in law or in fact. *See* TEX. R. CIV. P. 91a; *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724–25 (Tex. 2016). We review a trial court's decision on a rule 91a motion de novo; "the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas*, 494 S.W.3d at 724. However, an appellant seeking reversal of a Rule 91a dismissal must negate the validity of each ground on which the trial court could have relied in granting the dismissal. *See Parkhurst v. Office of Att'y Gen. of Tex.*, 481 S.W.3d 400, 402 (Tex. App.—Amarillo 2015, no pet.).

Phillips moved for dismissal on the grounds that the malpractice claim regarding the divorce proceeding is barred by limitations and Buholtz suffered no injury as a result of Philips's alleged negligence in "tak[ing] care of the protective order violation." Buholtz's amended brief simply recounts the allegations from his original petition and does not challenge, or even address, the grounds on which Philips sought dismissal. Accordingly, we must uphold the trial court's dismissal. *Parkhurst*, 481 S.W.3d at 402–03. We overrule Buholtz's second issue.

–5–

In his sixth issue, Buholtz contends the trial court erred in granting Philmoore's motion for summary judgment seeking payment of attorney's fees, asserting, among other things, that he paid Philips about $45,000 over approximately "a year and a half" for representation in the divorce action. Although not discussed in the Argument section of his amended brief, Buholtz asserts in the Issues Presented section that the trial court "blindly accepted  a simple ambiguous list of hour charge figures as base charge 'proof' and blocked Discovery to force actual proof."[5]

A plaintiff moving for summary judgment on its own claim must prove it is entitled to judgment as a matter of law on each element of its cause of action. *Lawyers Title Co. v. J.G. Cooper Dev., Inc.*, 424 S.W.3d 713, 717 (Tex. App.—Dallas 2014, pet. denied). We review a summary judgment de novo. *Id.* If an appellant fails to challenge each independent ground on which a summary judgment might be based, we must affirm the judgment. *McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 468 (Tex. App.—Dallas 2009, pet. denied).

Texas Rule of Civil Procedure 185 describes the evidence required to establish a prima facie right to recovery for a suit on a sworn account. TEX. R. CIV. P. 185; *Panditi v. Apostle*, 180 S.W.3d 924, 926 (Tex. App.—Dallas 2006, no pet.). If a plaintiff satisfies rule 185's requirements, the sworn account is received as prima facie evidence of the debt. *Panditi*, 180 S.W.3d at 926. And, if the defendant fails to file a verified denial to the suit on sworn account, the plaintiff, as summary judgment movant, is entitled to summary judgment on the pleadings. *See Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 562 (Tex. App.—Dallas 2003, pet. denied); *Tandan v. Affordable Power, L.P.*, 377 S.W.3d 889, 894 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

---

[5] Buholtz does not specifically challenge any of the evidence Philmoore submitted in support of its motion or direct us to any discovery he served on Philmoore or any action by the trial court to block discovery from Philmoore on issues relevant to its suit on sworn account.

Here, Philmoore moved for summary judgment on the ground that Buholtz's "Answer to Petition in Intervention and Original Petition for Suit on Sworn Account" did not meet the requirements for a verified denial to the suit on sworn account. Buholtz does not argue on appeal that he filed a verified denial sufficient to overcome Rule 185's evidentiary presumption or otherwise assert the trial court's judgment on this ground was improper. Because he has not addressed the sole ground on which the trial court could have granted summary judgment, we must affirm the judgment on the suit on sworn account. *McMahon Contracting, L.P.*, 277 S.W.3d at 468. We overrule Buholtz's sixth issue.

## FRAUD COUNTERCLAIM

In his fifth issue, Buholtz contends the trial court erred in issuing a "Final and Appealable" order without having considered or ruled on his fraud counterclaim.

Appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (authorizing appeals from certain interlocutory orders). A judgment issued without a conventional trial on the merits is final for purposes of appeal if it either (1) actually disposes of all claims and parties then before the court, regardless of its language, or (2) states with unmistakable clarity that it is a final judgment as to all claims and parties. *Farm Bureau County Mutual Ins. Co. v. Rogers*, 455 S.W.3d 161, 163–64 (Tex. 2015); *Lehmann*, 39 S.W.3d at 200. Thus, "the language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 200. In such a case, "the judgment is final—erroneous, but final." *Id*.

Here, Philmoore moved for summary judgment on its suit on sworn account against Buholtz, but not on Buholtz's fraud counterclaim. The trial court's order granting summary

judgment plainly disposes of Philmoore's claim against Buholtz and does not address the fraud counterclaim. The order nevertheless recites that it "disposes of all claims and issues and is a final appealable judgment." Reviewing the order's finality language and the record as a whole, we conclude the order is final for purposes of appeal. *See Rogers*, 455 S.W.3d at 163.

A trial court may grant summary judgment only on the grounds expressly presented in a motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002). In disposing of Buholtz's fraud counterclaim against Philmoore without notice, evidence, and argument on the issues, the trial court erroneously entered the final order. *See, e.g., Tanner v. Black*, No. 01-17-00883-CV, 2019 WL 1064568, at n.1 (Tex. App.—Houston [1st Dist.] Mar. 7, 2019, no pet.); *Labrie v. Kenney*, 95 S.W.3d 722, 728 (Tex. App.—Amarillo 2003, no pet.) (when none of defendant's motions for summary judgment referred to plaintiff's request for declaratory judgment or presented grounds to justify dismissal of that request, trial court erroneously granted more relief that requested in granting summary judgment and dismissing all claims). Accordingly, we sustain Buholtz's fifth issue.

PROTECTIVE ORDERS

In his third issue, Buholtz contends the trial court erred in granting protective orders barring him from discovery and/or any further pleadings because it did not consider his "Opposition to same, either by Motion or hearing" and he was not allowed to participate in hearings. We review a trial court's decision to grant a protective order for an abuse of discretion. *See In re Issuance of Subpoenas Depositions of Bennett*, 502 S.W.3d 373, 377 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A trial court abuses its discretion by limiting discovery in the absence of some evidence supporting the request for a protective order. *Id.* (citing *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999)).

The trial court granted the motions dismissing Buholtz's malpractice claims against Gibbs and Philips on August 15, 2016. In August 2017, Buholtz served "Initial Written Discovery" to both Gibbs and Philips related to the already-dismissed claims. In response, Gibbs and Philips filed motions for protective order requesting Buholtz be prohibited from serving them with further discovery because the claims had been dismissed with prejudice.

Gibbs filed his motion for protective order on August 30, 2017, and the trial court set the motion for a hearing on September 14, 2017. The trial court's docket sheet, however, indicates the hearing was cancelled. On September 18, 2017, Buholtz filed "Plaintiff's Response in Opposition and Objection to Defendant's Motion for Protective Order." The trial court signed an order granting Gibbs's motion on September 26, 2017.

Philips filed his motion for protective order on September 13, 2017. The trial court set the motion for a hearing on September 29, 2017; the docket sheet indicates a hearing was held, but there is no reporter's record from a hearing in the appellate record. On September 29, 2017, Buholtz filed "Plaintiff's Response in Opposition and Objection to Defendant's Motion for Protective Order," which was virtually identical to the response he filed to Gibbs's motion.[6] The same day, the trial court signed an order granting Philips's motion.

Buholtz contends the trial court did not consider his "Opposition" in ruling on the motions, but his response to Gibbs's motion was on file more than a week before the trial court ruled on the motion. Buholtz's response to Philips's motion was not filed until the day the trial court entered an order granting the motion, but the facts and arguments raised in the response to Gibbs's motion were the same. Buholtz does not challenge the grounds or evidence supporting the motions for protective orders. Nor has he argued, or cited any authority to support the proposition that, the trial court was required to hold a hearing on the motions for protective order or demonstrated that

---

[6] The response to Philips's motion substituted "Philips" for "Gibbs" in several spots.

he was harmed by not attending.  *See* TEX. R. APP. P. 44.1(a) (reversal is appropriate only if error probably resulted in improper judgment or prevented presentation of case on appeal). Accordingly, we conclude Buholtz has not sustained his burden of showing the trial court abused its discretion in granting the motions.  *See In re Issuance of Subpoenas Depositions of Bennett*, 502 S.W.3d at 377.  We overrule his third issue.

FAILURE TO FILE, CONSIDER, AND/OR GRANT MOTIONS

In his fourth issue, Buholtz contend the trial court erred in refusing to consider and/or grant his motions for telephonic appearance for "at least six (6) hearings."  In his seventh issue, Buholtz complains of a denial of due process resulting from the trial court clerk "refusing to accept and/or file key motions."  Buholtz further asserts, "even if the Collin County Clerk had properly received and filed [Buholtz's] motions, the trial court appeared "incapable of rendering a fair and impartial decision."

We review a trial court's ruling on a party's request to participate at trial by alternate means for an abuse of discretion.  *See Ringer v. Kimball*, 274 S.W.3d 865, 868–69 (Tex. App.—Fort Worth 2008, no pet.).  Buholtz's amended brief does not identify, either by name, date, or citation to the clerk's record, his motions for telephonic appearance or the hearings at which he alleges he was not allowed to appear.  Accordingly, we conclude he has not sustained his burden of showing the trial court abused its discretion by not considering or granting the motions.

As evidence of the clerk's failure to file "key motions," Buholtz cites to documents attached as an exhibit to his amended brief.[7]  A review of those documents indicates copies were filed by the clerk as part of a "Motion to Compel Court Ruling," in which Buholtz moved the trial court "to issue rulings on open pleadings and/or motions."  Buholtz does not show, and nothing in

---

[7] The documents attached as an exhibit were not copied from the clerk's record and are not part of the official record.  *See* TEX. R. APP. P.34.1.

the record indicates, he requested a hearing on either his motion to compel or the other motions. Thus, to the extent Buholtz complains the trial court erred in not ruling on the motions, he has failed to preserve the complaint for our review. *See* TEX. R. APP. P. 33.1; *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding) ("Merely filing [a motion] with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court."); *see also Morris v. Cozby*, No. 11-16-00169-CV, 2018 WL 2749804, at \*2 (Tex. App.—Eastland June 7, 2018, no pet.) (mem. op.) (failure to request hearing or otherwise obtain ruling on motion waived complaint for appellate review). Accordingly, we overrule Buholtz's fourth and seventh issues.

We affirm the trial court's orders dismissing Buholtz's claims against Gibbs and Philips. We affirm the trial court's summary judgment in favor of Philmoore on its suit on sworn account, but reverse the order to the extent it grants Philmoore summary judgment on Buholtz's fraud counterclaim and remand the case for further proceedings consistent with this opinion.

/Ada Brown/  
ADA BROWN  
JUSTICE

180957F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH LEO BUHOLTZ, Appellant

No. 05-18-00957-CV     V.

GREGG GIBBS, CHARLES PHILIPS,
AND PHILMOORE MANAGEMENT,
LLC, Appellees

On Appeal from the County Court at Law
No. 4, Collin County, Texas
Trial Court Cause No. 004-01275-2016.
Opinion delivered by Justice Brown;
Justices Bridges and Nowell participating.

In accordance with this Court's opinion of this date, the trial court's Orders Dismissing Cause of Action are **AFFIRMED**. The trial court's Order on Intervenor's Motion for Summary Judgment is **REVERSED** to the extent it grants summary judgment on appellant KENNETH LEO BUHOLTZ'S fraud counterclaim. In all other respects, the Order on Intervenor's Motion for Summary Judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

Judgment entered this 21st day of August, 2019.