ACCEPTED
14-17-00938-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/14/2018 2:19 PM
CHRISTOPHER PRINE
CLERK

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/14/2018 2:19:14 PM
CHRISTOPHER A. PRINE
Clerk

# CAUSE NO. 14-17-00938-CV

IN THE FOURTEENTH COURT OF APPEALS

AT THE STATE OF TEXAS

REN V. ZHANG

Original Proceeding from the 245th District Court,

The Honorable Roy L. Moore, Presiding

**Appellee's Brief on the Merits**

Yi Ren
4114 Placid Stream Ct.,
Houston, Texas 77059
Telephone: 713-820-8964
Email: yirenlegal@gmail.com
Pro Se Litigant

1

# TABLE OF CONTENTS

**IDENTITY OF PARTIES**....................................................................................3

**TABLE OF AUTHORITIES** ............................................................................4

**REFERENCE CITATION GUIDE** ..................................................................5

**STATEMENT OF FACTS** ...............................................................................8

**SUMMARY OF THE ARGUMENT** ..............................................................19

**ARGUMENT**...................................................................................................21

    1.   Tong Zhang waived any complaint about the
adequacy of Yi Ren's pleadings by failing to raise its
objection to the trial court. .................................................................................21

    2.   Tong Zhang presumed that the trial court awarded
attorney's fees based upon Texas Family Code 106.002
and ignored the other authorities of fees award as
sanctions. No proof of necessity and reasonableness of
attorney's fees is required when attorney's fees are
assessed as a sanction...........................................................................................22

    3.   The trial court had more than a scintilla of evidence
to award attorney's fees. ......................................................................................23

    4.   The trial court did not abuse its discretion in
awarding amicus attorney's fees in a non-enforcement
suit characterized as child support. .....................................................................24

**PRAYER**...........................................................................................................27

## IDENTITY OF PARTIES

**Appellant:**

> **Tong Zhang**
> 418 Starleaf Lane,
> Pearland, Texas 77584

Appellant Counsels:

Xenos Yuen
State Bar No. 22232550
Seigel Yuen & Honore, PLLC
6100 Corporate Drive, Suite 580
Houston, Texas 77036
Tel: 713-541-6256
Email: Litxy@yuenlawoffice.com

David J. Mullican, Jr.
State Bar No. 14651200
Seigel Yuen & Honore, PLLC
6100 Corporate Drive, Suite 580
Houston, Texas 77036
Tel: 713-541-6256
Email: dm@yuenlawoffice.com

Trial Counsel:

David J. Mullican, Jr.
State Bar No. 14651200
Seigel Yuen & Honore, PLLC
6100 Corporate Drive, Suite 580
Houston, Texas 77036
Tel: 713-541-6256
Email: dm@yuenlawoffice.com

**Appellee:**

> **Yi Ren**
> *Pro Se Party*
> 4114 Placid Stream Court
> Houston, Texas 77059
> Tel: 713-820-8964
> Email: yirenlegal@gmail.com

## TABLE OF AUTHORITIES

**Cases**

*Lowther v. Lowther*, 578 S.W.2d 560, 562 (Tex. Civ.
App.—Waco 1979, writ ref'd n.r.e.) ....................................................20

*Prize Energy Res., L.P. v. Cliff Hoskins, Inc.,* 345 S.W.3d
537, 575-76 (Tex. App.—San Antonio 2011, no pet.) ........................21

*Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004) .......................22

*Nath*, 446 S.W.3d at 361 ........................................................................22

*Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80,
83 (Tex.1992).......................................................................................22

*In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998).....................................22

*Unifund*, 299 S.W.3d at 97.....................................................................22

*Tucker v. Thomas*, 419 S.W. 3d 292 (Tex., 2013) ..................................23

*Hardin,* 161 S.W.3d at 24-27 ..................................................................24

*In re H.V.,* 252 S.W.3d at 327, n. 55......................................................24

*In re J.A.D.,* 2010 WL 2649961, at *4....................................................24

*In re W.J.S,* 35 S.W.3d at 277-278.........................................................24

**Statutes**

Texas Rules of Appellate Procedure 38.2 (a)(1)(B) ......................... 5, 6, 7

Texas Rules of Appellate Procedure 38.1 (d).............................................5

Texas Rules of Appellate Procedure 38.1(f)...............................................7

Texas Family Code section 106.002............................................... 18, 21

Texas Rules of Appellate Procedure 33.1.................................................20

Texas Rules of Civil Procedure 90. .........................................................20

Texas Family Code section 156.005.........................................................21

Tex. Fam. Code section 151.001(c).........................................................24

Texas Family Code section 107.023(d) ............................................................ 24, 25

## REFERENCE CITATION GUIDE

In lieu of using the full name of the parties, this Brief may refer to the parties as follows:

Tong Zhang                "Appellant"

Yi Ren                "Appellee"

This Brief uses the term "Appellant" or "Tong Zhang" to refer both to Tong Zhang and his attorneys of records.

## The Record on Appeal

This brief will refer to the record as follows:

| | |
|---|---|
| Clerk's Record | "CR_" |
| Deposition Testimony in Clerk's Record | "CR_, [Name] Dep" |
| Reporter's Record | "RR_" |
| Appellant's Brief | "App's Br." |

# STATEMENT OF THE CASE

Yi Ren objects to the Statement of the Case in Tong Zhang's Brief of Appellant. See Tex. R. App. P. 38.1 (d). Pursuant to Rule 38.2 (a)(1)(B) of the Texas Rules of Appellate Procedure, Yi Ren offers the following Statement of the Case:

**Nature of the Case:**

This is an appeal of awarding attorney's fees and characterizing amicus attorney's fees as additional child support. The appellant alleged that the trial court err in awarding attorney's fees because appellee was not entitled an award of attorney's fees. In addition, the appellant alleged that the trial court abused its discretion in awarding amicus attorney's fees as additional child support.

**Respondent:**

Honorable Roy L. Moore, 245th Judicial District Court, Harris County, Texas

**Respondent's Action:**

On October 30, 2017, the trial court granted Tong Zhang's voluntary nonsuite for modification of conservatorship and heard Yi Ren's counterpetition for modification of child support and medical provision for the child. The trial

6

court entered a final judgement in favor of Yi Ren. The trial court ordered Tong Zhang to (1) pay increased child support, (2) pay retroactive child support, and (3) provide health insurance for the child. The trial court also awarded Yi Ren $10,000 of attorney's fees as debt and $9,693.17 of amicus attorney's fees as additional child support.

## ISSUES PRESENTED

Pursuant to Rule 38.2(a) of the Texas Rules of Appellate Procedure, Yi Ren objects to Tong Zhang's characterization of the issues presented in this appeal. Yi Ren identifies the following issues in this appeal:

1. Did Tong Zhang waive its complaint about the adequacy of Yi Ren's pleading by failing to raise its objection to the trial court?

2. Did the trial court err in awarding attorney's fees as sanctions without proof of reasonableness and necessity of attorney's fees?

3. Did the trial court have more than a scintilla of evidence to award attorney's fees?

4. Did the trial court abuse its discretion in awarding amicus attorney's fees in a non-enforcement suit characterized as child support?

**STATEMENT OF FACTS**

Yi Ren objects to the Statement of Facts in Tong Zhang's Brief of Appellant. See TEX. R.APP. P. 38.1(f). Pursuant to Rule 38.2(a)(1)(B) of the Texas Rules of Appellate Procedure, Yi Ren offers the following Statement of Facts:

**A. Introduction**

Appellant Tong Zhang and Appellee Yi Ren divorced in November 2010. The *Final Agreement of Decree*, entered on November 1, 2010, ordered that Tong Zhang and Yi Ren have joint managing conservatorship of the child (Daniel Zhang), and Yi Ren has exclusive rights to designate Daniel Zhang's primary residence within Harris County. *See* CR1, page 19, 22. The decree also ordered that Tong Zhang pay $300 child support per month without medical provision obligation. *See* CR1, page 38, 42, 43.

In September of 2015, Tong Zhang started his new employment at University of Houston. See CR2, page 253-254. On September 24, 2015, the same month he started his new employment, Tong Zhang filed his *Petition for Modification of Parent-Child Relationship* to seek sole managing conservatorship, or in the alternative, joint managing conservatorship with the exclusive right to designate the child's primary residence. *See* CR1, page 68-75.

8

On September 29, 2015, Yi Ren filed her Answer to generally deny all of Tong Zhang's pleaded allegations. She also filed her counterpetition to seek an increase of child support and Tong Zhang's medical provision for the child. *See* CR1, page 91-99. <u>Both parties requested the trial court to award attorney's fees in their pleadings</u>. *See* CR1, page 74, 91, 98.

The trial court appointed an Amicus Attorney, Amy N. Lacy, on April 28, 2016. The lawsuit of modifying conservatorship experienced 24-month discovery. Both parties participated oral depositions in August 2016. The final trial was set on October 30, 2017. On October 6 and October 24, 2017, Tong Zhang filed two motions for continuance. *See* CR2, page 349-352, 401-404. Both two motions were denied by the trial court after hearings.

On October 30, 2017, the day of the trial, Tong Zhang did not appear at the trial in person. His attorney of record, David J. Mullican Jr., represented Tong Zhang to announce that Tong Zhang voluntarily nonsuited his petition for modification of conservatorship. *See* CR2, page 415; RR1. The trial court moved to Yi Ren's counterpetition. David J. Mullican Jr. represented Tong Zhang to announce ready for trial. *See* RR1.

At trial, Yi Ren testified that she spent $4,292 of attorney's fees because Tong Zhang and his attorneys failed to comply with the discovery rules and abused

9

the discovery process, including failure to appear at hearings, being late at hearings, failure to respond discovery requests, and failure to comply with the court order. She also testified that she spent $7,306 attorney's fees to defense Tong Zhang's allegations which had no merits, such as Tong Zhang testified in his deposition that he had no any evidence to prove his allegation of child abuse. Tong Zhang did not rebut Yi Ren's testimonies; he presented no evidence at all. *See* RR1.

The trial court entered a final judgement to order Tong Zhang: 1) pay guideline child support, 2) pay retroactive child support, 3) provide health insurance for the child, Daniel Zhang, 4) pay Yi Ren $10,000 of attorney's fees with interest of 5% per annual until paid in full, 5) pay Yi Ren $9693.17 of amicus attorney's fees with interest of 6% per annual as additional child support until paid in full, and 6) pay amicus attorney $3667.7 of amicus attorney's fees with interest of 6% per annual as additional child support until paid in full. *See* CR2, page 443-445, 454-456.

Tong Zhang appealed to overturn the trial court's judgement in awarding $10,000 of attorney's fees as debt and characterizing awarded amicus attorney's fees as additional child support. The amicus attorney Amy Lacy was not identified as appellee in this appeal. To date, neither Motion for New Trial nor Request for Findings of Fact and Conclusions of Law has been filed.

**B. Discovery Violations**

1. Yi Ren filed her first *Motion to Compel Discovery and for Sanctions* on January 6, 2016, and identified that Tong Zhang incompletely respond Yi Ren's request for disclosure under Rule 194. *See* CR1, page107-110.

2. Yi Ren filed her second *Motion to Compel Discovery and for Sanctions* on December 15, 2016, and identified that Tong Zhang (1) failed to comply with signed Rule 11 Agreement and (2) failed to respond Yi Ren's Second Request for Production and Inspection. *See* CR1, page 128-130.This motion was heard and granted on March 28, 2017. *See* CR2, page 463.

3. Yi Ren filed her third *Motion to Compel Discovery and for Sanctions* on May 1, 2017, and identified that Tong Zhang failed to respond her third request for production and inspection. *See* CR1, page 155-157.

4. Yi Ren filed her *Motion for Contempt* on May 2, 2017. Yi Ren identified that Tong Zhang failed to comply with the court's discovery order entered on April 12, 2017. *See* CR1, 158-159.

5. In Yi Ren's objection, filed on October 9, 2019, to Tong Zhang's motion for continuance, she identified that Tong Zhang and his counsels: "(1) appeared two-hour late at hearing on Motion for Mediation and Motion to Compel Production on January 29, 2016; (2) failure to appear at the Temporary Orders hearing on March 9, 2016. Judge Cooper advised that if requested, attorney's

fees would be awarded on final orders for Petitioner's failure to appear at this hearing; (3) several-hour late appeared at hearing on the Temporary Order hearing on March 30, 2016. The hearing had to be reset due to the late arrival of Tong Zhang and his counsel; (4) spent significant time in Yi Ren's deposition to ask irrelevant questions and argued with Yi Ren purely for the purpose of harassment. Yi Ren filed Motion for Protective Order on August 1, 2016; (5) failure to appear at hearing on Tong Zhang's Motion to Compel Mental Examination on April 21, 2017; (6) filed frivolous Motion to Compel Mental Examination purely for the purpose of delay. The motion was denied by court on May 12, 2017 for a lack of factual basis." *See* CR2, page 357-360.

6. In Yi Ren's objection, filed on October 24, 2017, to Tong Zhang's Second Motion for Continuance, she alleged that Tong Zhang hired six attorneys to take turns to make efforts to delay the case:

"Ms. Davina Carson Wittick made improper objections to unobjectable discovery requests, failed to appear at hearings, and seriously late to appear at hearings. When Respondent filed her motion to compel discovery and for sanctions, Mr. Andrew Gass replaced Ms. Davina Carson Wittick. Mr. Xenos Yuan spent significant time to ask a bunch of irrelevant questions to harass Respondent in her oral deposition. When Respondent filed Motion for Protective Order to against Mr. Yuen, Mr. Gass took the case alone. Mr.

Gass signed Rule-11 Agreement, but failed to comply with the agreement. When Respondent filed her second motion to compel discovery and for sanctions, Ms. Kelley Austin replaced Mr. Gass. Ms. Kelley Austin failed to respond Respondent's second set of interrogatories, requests for disclosure, and requests for production. Ms. Kelley also filed a frivolous motion for sanctions for the purpose of harassment. When Respondent filed her Motion for Sanction to against Ms. Kelley Austin, Mr. Eric Gruetzner replaced Ms. Kelley Austin. Mr. Eric Gruetzner failed to respond any of Respondent's requests for discovery. After three months, Mr. Xenos Yuen replaced Mr. Eric Gruetzner again. Mr. Yuen failed to comply with the Court's order to compel discovery, failed to appear at his hearing on Motion for Mental Examination, and made improper objections to Respondent's requests for admission. When Respondent moves to motion for sanctions to against Mr. Xenos Yuen, Mr. David Mullican replaced Mr. Xenos Yuen. Six days before the trial, Mr. David Mullican claimed that he has mental disability to prosecute the litigation and sought continuance of discovery." *See* CR2, page 395-396.

**C. Allegations without merit**

On June 4, 2015, the ATTORNEY GENERAL OF TEXAS filed a suit for Modification of Child Support Order and requested Tong Zhang to produce his

13

financial documents, Pursuant to Texas Rules of Civil Procedure 196. See CR1, page 60-63. Tong Zhang's counsel of record, Xenos Yuen, represented Tong Zhang and filed Answer to generally deny all requests of ATTORNEY GENERAL OF TEXAS. See CR1, page 66.

On September 24, 2015, the same month he started his new employment, Tong Zhang filed his original petition to seek modification of conservatorship. In his original petition, Tong Zhang alleged that (1) Yi Ren "admitted" that her husband had abusive behaviors against the child; (2) the child was living in an unstable living environment because Yi Ren moved several times; (3) Yi Ren emotionally hurt the child's relationship with Tong Zhang; (4) it is in the best interest of the child if the child lived with Tong Zhang because Tong Zhang took care of the child when the child was an infant, as well as (5) Tong Zhang made every effort for parental cooperation. *See* CR1, page 68-75.

On October 11, 2017, Tong Zhang filed his 1st amended petition, and limited his allegations to: (1) Yi Ren moved numerous times since November 1, 2010, which resulted in changes of the child's living environment and child care programs; and (2) Yi Ren "admitted" that her husband had emotional abusive behaviors against the child. *See* CR2, page 376-381. All the other allegations in original petition were omitted.

14

Yi Ren raised her objection to Tong Zhang's allegation of child abuse, and claimed that Tong Zhang made a false statement that Yi Ren "admitted" her husband's abusive behavior against the child. *See* CR2, page 383.

On October 21, 2017, ten days after his 1st amended petition, Tong Zhang filed his 2nd amended petition. He kept two allegations in 1st amended petition, and added one more allegation that there is very little communication, interaction and bonding between the child and his step-father (Yi Ren's husband). *See* CR2, page 386-392.

### 1. Emotional child abuse

On August 24, 2016, Tong Zhang attended an oral deposition. In his deposition, he testified that he had no evidence as to child abuse. He did not know what specific abusive behavior had been conducted, and the child had not complained the step-father's behaviors to him. He alleged child abuse because Yi Ren used the term of "emotional abuse" in a conversation with him in April of 2014.

*See* CR2, page 233-237, Tong Zhang Dep:

> Q. Okay. Okay. You mentioned some concerns that you
>    have about Yi Ren's husband and him being abusive
>    to Daniel. Can you go into detail about how he
>    abuses Daniel?

15

A. It's 2000- I think it's -- I think it's April of 2014. I don't remember exactly. But he called me.

Q. I'm sorry. You say he called you?

A. Yeah. He called me. She said it. It separated husband. I said why? Because, you know, I think if Daniel have a good family, it's good for him. But she abused Daniel.

Q. And did she go into about what this abuse was?

A. I asked her, but she refused to come for me.

……

Q. Has she ever told you –since then, has she told you he's continuing to abuse Daniel?

A. No.

Q. And she didn't go into detail that day about what she meant by abuse?

A. I asked, but she didn't answer me.

Q. Has Daniel ever expressed to you that he's being abused by Yi Ren's husband?

A. Daniel just tell me she don't—she don't talk with—

Q. Who doesn't talk?

A. Daniel don't talk with too many child.

……

Q. Has Daniel ever told you that Yi Ren's husband physically abuses him?

A. Daniel, no.

……

Q. Has Daniel ever said that Yi Ren's husband called him names?

A. No.

16

Q. Has he ever said that Yi Ren's husband makes fun of him?

A. No.

Q. Has he ever said that he shouts at him or screams at him?

A. No.

Q. Other than Yi Ren telling you in April of 2014, that her husband abused Daniel, do you have any other evidence that may support that Yi Ren's husband emotionally abuses Daniel?

A. You mean the evidence, right?

Q. Right.

A. Right now, I don't know. But we will figure out later. We will discover it.

Q. Okay. And how do you plan to do that?

A. Right now, no.

……

Q. That's what your entire case is based on, is a comment two years ago where she said he abused Daniel?

A. Yes.

By reviewing the record, no other evidence as to child abuse. No cause has been disclosed why Tong Zhang waited for 17 months to allege child abuse if Yi Ren used the term of "emotional abuse" in April of 2014. Except the parties, no witness was identified to testify child abuse.

2. <u>Unstable living environment of the child</u>

In Tong Zhang's deposition, he testified that the last time the child changed school was in January of 2014. The child was able to stay at the same school since his Kindergarten program. Tong Zhang thought it was good to the child.

*See* CR2, page 229-233, Tong Zhang Dep.:

> Q. Do you know the last time Daniel changed schools was?
>
> A. It's January 2014 I think. Yeah. Because—
>
> Q. In kindergarten?
>
> A. Yes. Since he changed schools, I moved to my house.
>
> ……
>
> Q. When he started kinder? Where was he?
>
> A. Kindergarten is the Brookwood.
>
> Q. Was he at Brookwood in 1st grade?
>
> A. Yes.
>
> Q. Is he at Brookwood now?
>
> A. Yes.
>
> Q. So he's been at the same school for—
>
> A. Since Kindergarten.
>
> ……
>
> Q. Okay. Does it show some stability—consistency that he's been at the same school for about two years?
>
> A. Yeah. I think it's good for him because I always encourage him, you know, have a good relationship with his classmates, also education, make friends.

18

At trial, Yi Ren testified that she had not moved for years but Tong Zhang recently moved before the trial. *See* RR1. No other evidence in record was related to the allegation of unstable living environment. No cause has been disclosed why Tong Zhang waited for 21 months to allege unstable living environment if the child's last time change of school was occurred in January of 2014. Except the parties, no witness was identified to testify the child's living environment.

### 3. The child's relationship with his step-father

In Tong Zhang's deposition, he testified that he only met the step-father once. *See* CR2, page 238, Tong Zhang Dep.:

Q. Have you ever met Yi Ren's husband?

A. Yes. I think one time, only one time.

By reviewing the record, no other evidence related to Tong Zhang's allegation of the child's relationship with his step-father. Except the parties, no witness was identified to testify the relationship between the child and his step-father.

## SUMMARY OF THE ARGUMENT

**1. Yi Ren was entitled an award of attorney's fees.**

Tong Zhang argued that the trial court erred in awarding Yi Ren attorney's fees, because Yi Ren was not entitled an award of attorney's fees under Texas

19

Family Code section 106.002. Specifically, Tong Zhang argued that Yi Ren (1) failed to identify the specific authority and facts for attorney's fees in her pleading, and (2) failed to prove the necessity and reasonableness of attorney's fees.

Here, there were no findings of fact and conclusions of law entered to support Tong Zhang's theory that the trial court awarded attorney's fees based upon Texas Family Code section 106.002. Yi Ren disagrees with Tong Zhang's theory because his presumption ignores authorities for the fee award as sanctions. Tong Zhang waived any complaint about the adequacy of Yi Ren's pleading by failing to raise its objection to the trial court. Moreover, proof of necessity and reasonableness is not required when assessing attorney's fees as sanctions. By reviewing the record, the trial court had more than a scintilla of evidence to award attorney's fees. As conclusion, Yi Ren was entitled an award of attorney's fees.

**2. The trial court did not abuse its discretion in awarding amicus attorney's fees in modification suit characterized as child support.**

Tong Zhang argued that the trial court abused its discretion in awarding Amicus attorney's fees in modification suit characterized as child support, because the Supreme Court in *Tucker* reasoned that the trial courts have no inherent authority to characterize attorney's fees as additional child support. Yi Ren disagrees with Tong Zhang's argument because Tong Zhang applied improper case

20

law. The Supreme Court in *Tucker* only reviewed attorney's fees as additional child support, and expressed no opinion on amicus attorney's fees as additional child support. The trial courts in modification suits under Chapter 156 of the Family Code had discretion to characterize an award of amicus attorney's fees as necessaries and, as necessaries, had discretion to award fees as additional child support. Therefore, the trial court did not abuse its discretion in awarding amicus attorney's fees as additional child support. This issue should be overruled by this court.

**ARGUMENT**

1. <u>Tong Zhang waived any complaint about the adequacy of Yi Ren's pleadings by failing to raise its objection to the trial court.</u>

Absent fundamental error, an appellant may not complain about any alleged error that it failed to bring to the attention of the trial court "by a timely request, objection or motion." Tex. R. App. P. 33.1. Pleading defects do not rise to the level of fundamental error. Any alleged "insufficiency of a pleading cannot be raised for the first time on appeal." *Lowther v. Lowther*, 578 S.W.2d 560, 562 (Tex. Civ. App.—Waco 1979, writ ref'd n.r.e.). *See* Tex. R. Civ. P. 90.

If Tong Zhang truly believed that Yi Ren's failed to identify authorities and facts for recovery of attorney's fees, then Tong Zhang should raise his objection

21

and give Yi Ren opportunity to amend its pleadings. Tong Zhang, however, never raised any timely objection claiming, as it does now on appeal, that Yi Ren failed to identify authorities and facts for attorney's fees. Having failed to preserve error in the trial court, Tong Zhang waived any complaint that Yi Ren's pleading was defective.

2. <u>Tong Zhang presumed that the trial court awarded attorney's fees based upon Texas Family Code 106.002 and ignored the other authorities of fees award as sanctions. No proof of necessity and reasonableness of attorney's fees is required when attorney's fees are assessed as a sanction.</u>

In his brief, Tong Zhang argued that Yi Ren was not entitled an award of attorney's fees under Texas Family Code section 106.002, because Yi Ren failed to prove the necessity and reasonableness of attorney's fees. Tong Zhang's entire argument is premised on the basic theory that the trial court awarded attorney's fees based upon Texas Family Code section 106.002. Here, there were no findings of fact and conclusions of law entered to support Tong Zhang's theory. Yi Ren disagrees with Tong Zhang's theory because his presumption ignores authorities of fees award as sanctions.

In Texas litigation, trial courts can grant sanctions based upon: Texas Rules of Civil Procedure 13, 18a(h), 21b, 166a(h), 215, Chapters 9 and 10 of the Texas Civil Practice and Remedies Code, and the court's inherent power to sanction. Texas Family Code section 156.005 also authorizes trial courts to tax attorney's

22

fees as costs against the offending party in modification suits if the court finds that the suit was "filed frivolously or is designed to harass a party." Tex. Fam. Code § 156.005.

No proof of necessity or reasonableness is required when attorney's fees are assessed as a sanction. *Prize Energy Res., L.P. v. Cliff Hoskins, Inc.,* 345 S.W.3d 537, 575-76 (Tex. App.—San Antonio 2011, no pet.).

3. The trial court had more than a scintilla of evidence to award attorney's fees.

A trial court abuses its discretion by imposing sanctions without reference to guiding rules and principles, such that its ruling was arbitrary or unreasonable. Nath, 446 S.W.3d at 361; *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). "The trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision." *Unifund*, 299 S.W.3d at 97 (citing *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998)). If there were no findings of fact entered to support the award of attorney's fees and costs, the appellate court must presume the trial court made all findings necessary to support its order. *Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992).

By reviewing the record, the trial court had more than a scintilla of evidence to award attorney's fees. Tong Zhang had numerous discovery violations. One of

23

Yi Ren's Motion to Compel Discovery and for Sanctions was heard and granted. Tong Zhang made numerous allegations but failed to offer sufficient evidence to support any of them. He hired six attorneys for his lawsuit but the whole case was extremely neglected by all of six attorneys. On the trial date, Tong Zhang voluntarily nonsuited his petition. It is reasonably to assume that Tong Zhang's lawsuit for modification of conservatorship was designed for the purpose of harassment or in order to welsh on his obligation of child support, as well as that Tong Zhang's nonsuit is to avoid an unfavorable judgement.

Based on the evidences in record, Yi Ren should be entitled an award of attorney's fees.

4. <u>The trial court did not abuse its discretion in awarding amicus attorney's fees in a non-enforcement suit characterized as child support.</u>

In his brief, Appellant cited the Supreme Court's ruling in *Tucker* and argued that trial courts have no inherent authority to characterize amicus attorney's fees as additional child support. Here, Yi Ren argues that Tong Zhang applied improper case law to this case.

The Supreme Court in *Tucker* only reviewed the issue of whether attorney's fees could be awarded as additional child support, but expressed no opinion as to whether the amicus attorney's fees could be awarded as additional child support.

*See Tucker v. Thomas*, 419 S.W. 3d 292 (Tex., 2013) (Noting that "Tucker abandoned his challenge to the trial court's award of the amicus attorney's fees as additional child support. Therefore, our review in this case is limited to whether the trial court had discretion to ward attorney's fees incurred by Thomas as additional child support."; "[w]e therefore express no opinion as to whether the amicus attorney's fees could be awarded as additional child support…")

The Supreme Court in *Tucker* reasoned that "neither the Legislature nor our case law related to the common law doctrine of necessaries has recognized trial court authority to characterize attorney's fees in non-enforcement modification suits as necessaries", but reaffirmed that "the Legislature has given trial courts discretion to characterize attorney's fees awarded to an amicus attorney or attorney ad litem under section 107.023 as 'necessaries for the benefit of the child.' Id. § 107.023(d)."

Texas Family Code section 107.023(d) provides that "[t]he court may determine that fees awarded under this subchapter to an amicus attorney, an attorney ad litem for the child, or a guardian ad litem for the child are necessaries for the benefit of the child." Under the unambiguous language of this statute, the trial courts have authority to determine the amicus attorney's reasonable fees were necessaries for the children's benefits.

Further, the Texas Legislature has stated in the Family Code that a parent's duty to support minor children includes a duty to provide them with necessaries. *See* Tex. Fam. Code Ann. § 151.001(c). In addition, the Supreme Court of Texas and this court have concluded that a parent's duty of support includes a duty to pay for the necessaries of the parent's children. *See In re H.V.,* 252 S.W.3d at 327, n. 55; *In re W.J.S,* 35 S.W.3d at 277-278. Under section 151.001(c) and this court's opinion in *Hardin,* a trial court's finding that attorney's fees are necessaries for the benefit of the child supports a trial court's order that a parent pay these fees as additional child support. *See* Tex. Fam.Code Ann. § 151.001(c); *Hardin,* 161 S.W.3d at 24-27; *see also In re J.A.D.,* 2010 WL 2649961, at *4 (holding that trial court properly assessed "[mother's] attorney's fees as `necessaries' against [father]" in case in which trial court ordered father to pay mother's attorney's fees as "child support" but did not state that the fees were "necessaries").

The only reasonable construction of section 107.023(d) is that a trial court has discretion to find that attorney's fees awarded to an amicus attorney, attorney ad litem, or guardian ad litem are necessaries for the benefit of the child that may be awarded as additional child support. Thus, the trial court did not abuse its discretion in awarding amicus attorney's fees as additional child support in this case.

## PRAYER

Appellee, Yi Ren, respectfully, for the reason stated above, asks this Court of Appeal:

(1) to affirm the judgement of the trial court in awarding attorney's fees to Yi Ren;

(2) to affirm the judgement of the trial court in awarding amicus attorney's fees as additional child support.

(3) to grant Yi Ren any relief it may be entitled.

Respectfully submitted,

*/s/ Yi Ren*

By:_____

Yi Ren
Appellee, *Pro Se*
4114 Placid Stream Ct.,
Houston, TX 77059
Email: yirenlegal@gmail.com

27

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of APPELLEE'S BRIEF was served on each attorney of record or party on May 14, 2018, pursuant to Texas Rules of Appellate Procedure.

<u>*Via E-Service:*</u>

**Xenos Yuen**
Counsel for Appellant
State Bar No. 22232550
Seigel Yuen & Honore, PLLC
6100 Corporate Drive, Suite 580
Houston, Texas 77036
Tel: 713-541-6256
Email: Litxy@yuenlawoffice.com

**David J. Mullican, Jr.**
Counsel for Appellant
State Bar No. 14651200
Seigel Yuen & Honore, PLLC
6100 Corporate Drive, Suite 580
Houston, Texas 77036
Tel: 713-541-6256
Email: dm@yuenlawoffice.com

/s/ *Yi Ren*

Yi Ren
Respondent, *Pro Se*
4114 Placid Stream Ct.,
Houston, TX 77059
Email: yirenlegal@gmail.com