GEVINSON ASSOCIATES and Daniel
Gevinson, Appellants,

v.

LING ELECTRIC, INC., Appellee.

No. 16260.

Court of Civil Appeals of Texas.

Dallas.

Dec. 6, 1963.

Pat Maloney, San Antonio, for appellants.

R. M. Ginsberg, Dallas, for appellee.

BATEMAN, Justice.

Judgment was rendered summarily against appellants in favor of appellee for the full amount of the debt sued for, $7,500, and $2,500 attorney's fee. Appellee alleged that appellants were indebted to it "for work, labor and services performed by Plaintiff for Defendants, at their special instance and request, * * *." Following this allegation is an itemized statement showing 961 hours of engineering work done and certain expenses incurred, for which the defendants allegedly promised to pay $7,500 but had failed to do so on demand. Appellee also alleged that it was entitled to a reasonable attorney's fee of $2,500. Appended to this petition is the affidavit of appellee's assistant secretary which follows the language of Rule 185, Vernon's Texas R.C.P., except that it omits the statement that the account sued on "is, within the knowledge of the affiant, just and true, (and) that it is due."

Appellant's unverified answer contained a general denial, but no specific denial of the correctness of any of the allegations of the petition.

Appellee's motion for judgment is based wholly on the premise that, having sued on a sworn account and there being no sworn denial in the answer, as provided in Rule 93, Vernon's Texas R.C.P., appellee was entitled to judgment as a matter of law. Attached to the motion is the affidavit of Thomas A. O'Dwyer to the effect that on October 25, 1961 the parties entered into an agreement whereby appellee agreed to perform the services necessary to develop electrical working drawings, etc., in connection with the construction to be known as Tower Apartments; that appellants agreed to reimburse appellee for all expenses incurred at the rate of $7.50 per hour for all personnel engaged in the performance of the work, provided that the costs should not exceed $7,500; that on January 18, 1962 and again on June 4, 1962 invoice was issued to appellants setting forth 961 man hours at $7.50 per hour, drawings, traveling expenses and telephone charges, aggregating the sum of $7,521.83; that such invoice was limited to $7,500 pursuant to the said agreement; that the account has not been paid and that no credits exist which would in any manner diminish the account.

Appellants timely filed a controverting affidavit of one Glynn Butler, which shows on its face his qualifications and competency as a witness and then states that the contract sued upon by appellee provided that if the electrical contract for the apartment building in question were awarded to appellee, the $7,500 for the electrical working drawings, etc., would be included in the price to be paid to appellee by appellants for the entire job, and that the $7,500 would be due only in the event the contract was awarded to someone other than appellee, and that "Since this event has not yet happened, this suit is premature."

No other evidence appears in the record before us. Appellants present two points of error on appeal: (1) the summary judgment was erroneously rendered because the affidavit of Glynn Butler raised material fact issues; and (2) the judgment for the $2,500 attorney's fee and for interest from June 4, 1962 was erroneous.

In summary judgment proceedings, it is elementary that the burden of showing the lack of a genuine issue of material fact is upon the movant and that all doubts pertaining to the existence of such issue are resolved against him. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317; Gardner v. Martin, 162 Tex. 156, 345 S.W. 2d 274; Gulbenkian v. Penn, 151 Tex. 412,

**566**

252 S.W.2d 929; McDonald, Texas Civil Practice, Vol. 4. p. 1392, § 17.26(VI). Also that in such proceedings our duty is not to decide any issues of fact, but only to ascertain if one is shown to exist. Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, err. ref., n. r. e.; Fowler v. Texas Emp. Ins. Ass'n, Tex.Civ.App., 237 S.W.2d 373, err. ref.; Lotspeich v. Chance Vought Aircraft, Tex.Civ.App., 369 S.W.2d 705, err. ref. n. r. e.

We are compelled under the foregoing rules to sustain both points of error and reverse the judgment for the following reasons:

█ In the first place, appellee has not met the burden of demonstrating that no genuine issue of material fact exists. The affidavit of Glynn Butler definitely raises a material fact issue, that is, as to whether appellants' liability under the contract sued on was conditioned or not upon the awarding of the electrical contract to some contractor other than appellee. Without passing on the truth of this statement, we must say that it was sufficient to raise a material fact issue and to entitle appellants to a trial thereon.

█ Appellee's showing is insufficient to support the summary judgment for the $7,500 in two other respects: (a) as hereinabove stated, the affidavit appended at the end of its petition omits certain essential information required by Rule 185, Vernon's Texas R.C.P. to constitute the account *prima facie* evidence of the alleged indebtedness, and (b) no evidence is presented, by affidavit or otherwise, that the services alleged to have been performed were in fact ever performed. Proof that the alleged services were invoiced is not proof that they were performed.

█ Neither do we find in the record any basis for that part of the judgment awarding attorney's fees to appellee. Art. 2226, Vernon's Ann.T.S. authorizes the recovery of attorney's fees by one having a valid claim for personal services rendered,

but it is of course necessary for plaintiff to establish, at least *prima facie,* that the services were actually rendered. The statute, being penal in character, must be strictly construed. Van Zandt v. Fort Worth Press, Tex., 359 S.W.2d 893, 895; Panhandle Broadcasting Co. v. Cercy, Tex. Civ.App., 363 S.W.2d 792, 798, no. wr. hist.; Burke v. Merrill Lynch, Pierce, Fenner & Smith, Inc., Tex.Civ.App., 363 S.W.2d 392, 395.

Reversed and remanded.