**Affirm in Part, Reverse and Remand in Part and Opinion Filed May 30, 2023**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-01103-CV

**SANDRA HALE, Appellant**

**V.**

**RISING S COMPANY, LLC, GARY LYNCH IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND CLYDE WAYNE SCOTT IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, Appellees**

**On Appeal from the County Court at Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 100179-CC**

## MEMORANDUM OPINION
Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Miskel

In what we construe as five issues, Sandra G. Hale appeals pro se from a final judgment that followed two partial summary judgments and a directed verdict at trial. First, Hale challenges the denial of her TCPA motion. We hold this challenge is moot on appeal from a final judgment.

Second, Hale asserts that because of defects in the way appellee Rising S Company LLC pleaded and presented its claim for a suit on sworn account, the directed verdict on this claim was improper. We agree.

Third and fifth, Hale challenges the dismissal of her counterclaims. However, Hale herself nonsuited all of her claims before any ruling on their merits, and any complaints concerning the substance of these claims is now moot.

Fourth, Hale contests the denial of her motions for sanctions. We conclude that Hale has not shown that the trial court abused its considerable discretion by denying sanctions.

We therefore reverse and remand the final judgment to the extent that it awarded Rising S relief on its suit on sworn account. We affirm the final judgment in all other respects.

## I. BACKGROUND

Rising S sued Hale in July 2018. The petition alleged that Hale purchased a survivalist bunker from Rising S in 2015 for an initial prepaid cost of $45,000. Their agreement warned that additional charges would apply for certain site conditions, such as when the job required excavation of rock, tree removal, or anything else that complicated installation of the bunker. According to Rising S, Hale incurred $9,300 in additional charges from complicating factors during the installation of the bunker on Hale's property in Minnesota. Rising S sent Hale an invoice, but Hale refused to pay.

Rising S sought relief through a claim for suit on sworn account. As support, Rising S attached pleading exhibits including the contract, the additional invoice, the receipt for Hale's prior payment of $45,000, and a verification of the petition by

Rising S's general manager Gary Lynch. The invoice stated that Hale had incurred the following additional charges: $6,200 for concrete backfill materials and labor, $750 for working in confined spaces, $1,000 for excavation of boulders, $350 for a solar panel mounting bracket, $300 for spreading gravel onsite, and $750 for spreading excavated spoils. The verification claimed $9,300 was the outstanding balance on Hale's account.

The petition further alleged that Hale published false information online about the quality of Rising S's services and the bunker itself. Hale allegedly posted to a site called RipOffReport.com, complaining that the installation was faulty and that the bunker itself leaked and corroded. Rising S further alleged that Hale's statements harmed its business reputation and sales. Based on these facts, Rising S pleaded business disparagement and tortious interference with prospective business relations.

In August 2018, Hale answered with a multifaceted document, which she amended multiple times over the course of the litigation. The amended version of this document that appears in our record functioned as a plea to the jurisdiction, an objection to venue, an answer with many specific denials and affirmative defenses (both orthodox and unorthodox), a set of special exceptions, a motion to dismiss under the Texas Citizen's Participation Act (TCPA), and a counterpetition presenting a variety of claims against Rising S and its principals, Lynch and Clyde Wayne Scott, whom Hale sued both "individually and in their official capacity." In

subsequent proceedings, Rising S and the trial court construed Hale's petition as raising claims for negligence, false advertising, fraud, products liability, breach of contract, violations of the DTPA and the Texas Debt Collection Practices Act, abuse of process, and breach of warranty. Hale did not dispute these classifications in the trial court, and we find it to be a fair characterization of her claims. However, in Hale's third amended petition, which was filed more than a year before trial, she omitted all of the allegations that could be construed as affirmative claims for relief, thus nonsuiting all of her counterclaims.

After a hearing, the trial court denied Hale's TCPA motion by operation of law, and Hale appealed the denial to this court. We held that Hale's appeal was untimely, and we dismissed the appeal for want of jurisdiction. *Hale v. Rising S Co. LLC*, No. 05-19-00932-CV, 2020 WL 104626, at *1 (Tex. App.—Dallas Jan. 9, 2020, no pet.) (mem. op.).

Rising S, Lynch, and Scott moved for partial traditional summary judgment. They noted that Hale's suit against Rising S was filed in August 2018, roughly three years after the parties' contract was signed in June 2015 and the bunker was installed in August 2015. Thus, Rising S argued to the extent that Hale's omnibus filing appeared to raise counterclaims for negligence, products liability, and DTPA and debt collection violations, they were barred by the two-year statutes of limitations for each of those claims. As to Hale's claims against Lynch and Scott, they argued that Hale had failed to serve Lynch and Scott until 2020 and had failed to exercise

–4–

diligence in obtaining service, thus warranting summary judgment on limitations grounds. Finally, they further argued Hale could not hold Lynch and Scott personally liable because she had not pleaded any theories that would warrant piercing the corporate veil.

The trial court granted the motion and dismissed Hale's claims against Lynch and Scott with prejudice. The trial court also dismissed with prejudice Hale's claims against Rising S for negligence, products liability, and DTPA and debt collection violations. Hale attempted to appeal this ruling. We held that because the summary judgment was not final, we lacked jurisdiction over the appeal. *Hale v. Rising S Co., LLC*, No. 05-20-01025-CV, 2021 WL 1248273, at *1 (Tex. App.—Dallas Apr. 5, 2021, no pet.) (mem. op.).

Hale moved for no-evidence summary judgment on Rising S's claim for business disparagement. She also moved for sanctions, arguing that Lynch had knowingly perjured himself in a declaration. After consideration, the trial court granted her motion for summary judgment and dismissed the business disparagement claim with prejudice, but it denied her motion for sanctions.

Rising S then filed a motion for partial summary judgment on no-evidence grounds with respect to Hale's claims for fraud, breach of contract, abuse of process, breach of warranty, and false advertising. The trial court granted partial summary judgment on Hale's claims for false advertising, abuse of process, fraud, and breach

of warranties, though it denied Rising S's motion as to her claim for breach of contract.

The case went to trial on what the parties had viewed as the three remaining claims: Hale's contract claim and Rising S's claims for suit on sworn account and tortious interference. On the morning of trial, though, Rising S pointed out that Hale had long since nonsuited all of her counterclaims, including her contract claim, and Rising S objected to the submission of these claims. Rising S also pointed out that with respect to its claims for suit on sworn account, Hale had not filed a sworn denial. Rising S thus contended it was entitled to directed verdict on its claim for suit on sworn account.

The trial court formally recognized the effect of Hale's nonsuit. It granted a directed verdict on the sworn account claim because Hale had not filed a sworn denial. Rising S then nonsuited its only remaining claim for tortious interference and did not pursue its claim for attorney fees on the sworn account. The trial court rendered a final judgment for $9,300 in Rising S's favor on its sworn account claim. Hale appeals.

## II.    ISSUE 1:  HALE'S TCPA CLAIM IS MOOT

In her first issue, Hale argues that the trial court erred when it denied her TCPA motion to dismiss Rising S's claims.

**A. "Law of the Case" Does Not Bar Hale's TCPA Appeal**

Hale attempted to bring an interlocutory appeal of the denial, but her appeal was untimely, so we dismissed the appeal for want of appellate jurisdiction. *Hale*, 2020 WL 104626, at *1. In this appeal, Rising S argues that our prior determination of appellate jurisdiction is the law of the case and should bar Hale's appeal of the TCPA issue.

Parties are not required to successfully prosecute an interlocutory appeal; rather, a party may forgo an interlocutory appeal and present the issue to the court of appeals after final judgment. *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 392–93 (Tex. 2020). Any rulings made if an interlocutory appeal is taken may have law of the case implications regarding the same issues in any subsequent appeals. *Id.* at 393.

However, we conclude that law of the case doctrine does not apply here. "The 'law of the case' doctrine mandates that the ruling of an appellate court on a question of law raised on appeal will be regarded as the law of the case in all subsequent proceedings unless clearly erroneous." *Great Am. Lloyds Ins. Co. v. Vines-Herrin Custom Homes, L.L.C.*, 596 S.W.3d 370, 374 (Tex. App.—Dallas 2020, pet. denied). But the doctrine does not prevent a court from "considering legal questions that are properly before us for the first time," *City of Houston v. Jackson*, 192 S.W.3d 764, 769 (Tex. 2006), and it will not apply if "the later stage of litigation presents different parties, different issues, or more fully developed facts." *Rodgers v. Comm'n for*

*Lawyer Discipline*, 151 S.W.3d 602, 609 (Tex. App.—Fort Worth 2004, pet. denied); *see Univ. of Tex. Sw. Med. Ctr. v. Munoz*, No. 05-14-01152-CV, 2016 WL 1179407, at *4 (Tex. App.—Dallas Mar. 22, 2016, pet. denied) (mem. op.).

The only issue presented for consideration in Hale's prior appeal of the denial of her TCPA motion was whether the appeal was timely. That appeal did not address the merits of whether Hale's TCPA motion was properly decided. *See Gantt v. Gantt*, 208 S.W.3d 27, 30 & n.4 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (op. on reh'g) (holding a ruling on the merits presented different issues than a ruling on appellate jurisdiction and declining to apply law of the case). The law of the case doctrine therefore does not bar us from considering the issue Hale raises concerning the TCPA.

## B. Hale's TCPA Arguments Are Moot

Regardless, any error in the denial of Hale's TCPA motion by operation of law is now moot. A case or an issue becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 586 (Tex. 2017). We have held that when the TCPA movant appeals from a final judgment, the movant may not "complain of the trial court's failure to dismiss [claims] that were already defeated" via the final judgment. *Kennedy v. Harber*, No. 05-17-01217-CV, 2018 WL 3738091, at *2 (Tex. App.—Dallas Aug. 7, 2018, no pet.) (mem. op.). Hale's TCPA motion objected to Rising S's claims for business disparagement and tortious business interference. The trial

court granted Hale's motion for summary judgment and dismissed Rising S's business disparagement claim with prejudice. Rising S nonsuited its claim for tortious interference with prospective business relations on the day of trial. By the time the final judgment was signed, there remained no legal action subject to Hale's TCPA motion. The TCPA issue then became moot when the trial court lost plenary power to vacate or reform the final judgment disposing of the claims that were the subject of the TCPA motion. *Compare id. with Mireskandari v. Casey*, 636 S.W.3d 727, 733 (Tex. App.—Dallas 2021, pet. denied) (distinguishing *Kennedy* and holding that TCPA issue was not moot in light of nonfinal nature of summary judgment because trial court retained plenary power to grant a new trial or vacate the summary judgment).

Because Hale's TCPA complaint is moot, we are prohibited from resolving its merits. *See Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010). We therefore overrule her first issue.

### III.    ISSUE 2: RISING S'S SWORN ACCOUNT WAS DEFECTIVE

In her second issue, Hale argues that Rising S's suit on sworn account was defective for several reasons, including that Rising S did not establish the prices charged were just, usual, reasonable, or customary, and that Rising S failed to provide any evidence of delivery, sale, or purchase of the goods and services in question beyond an invoice. Hale contends that, because Rising S did not meet its initial burden to establish the sworn account, she was not required to file a sworn

denial of the claim, and the trial court therefore erred in granting directed verdict due to the absence of a sworn denial. We agree.

## A.      Standard of Review

A plaintiff is entitled to a directed verdict when "reasonable minds can draw only one conclusion from the evidence." *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex. 1978). The question is whether there is any evidence of probative force to raise fact issues on the questions presented. *Id.* We consider all of the evidence in the light most favorable to the party against whom the verdict was instructed, discarding all contrary evidence and inferences. *Id.* Thus, a directed verdict is proper when (1) a defect in the opponent's pleading renders it insufficient to support a judgment, (2) the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law, or (3) the evidence offered on a cause of action is insufficient to raise an issue of fact. *Tandan v. Affordable Power, L.P.*, 377 S.W.3d 889, 894 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

## B.      Applicable Law

Under rule 185, a party may use a suit on sworn account to pursue recovery on an action founded on, among other things, an open account for goods or personal service rendered or labor or materials furnished. *See* TEX. R. CIV. P. 185. Rule 185 is not a rule of substantive law but a rule of procedure regarding the evidence necessary to establish a prima facie right of recovery. *Panditi v. Apostle*, 180 S.W.3d 924, 926 (Tex. App.—Dallas 2006, no pet.). Rule 185 provides that, when an action

–10–

is founded on an open account for which a systematic record has been kept and is supported by an affidavit, the account shall be taken as prima facie evidence of the claim unless the party resisting the claim files a written denial under oath. *Id.* A plaintiff is not required to formally introduce the account as evidence of the debt to meet its initial burden; it is enough to file the account along with the requisite pleadings and authentication. *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 833 (Tex. App.—Dallas 2014, no pet.); *see also* TEX. R. CIV. P. 59. If there is a deficiency in the plaintiff's sworn account, the account will not constitute prima facie evidence of the debt. *Panditi*, 180 S.W.3d at 927.

### 1. Systematic Record of Account

To prove a sworn account, a plaintiff must show (1) there was a sale and delivery of merchandise or performance of services; (2) the amounts were just, meaning they were either charged in accordance with an agreement or were usual, customary, and reasonable; and (3) that the amount is unpaid. *Pura Vida Spirits Co., LLC v. Talent Tree, LLC*, No. 05-17-00759-CV, 2018 WL 3135099, at *5 (Tex. App.—Dallas June 27, 2018, no pet.) (mem. op.); *Parillo v. Kofahl Sheet Metal Works, Inc.*, No. 05-15-01037-CV, 2016 WL 3547965, at *3 (Tex. App.—Dallas June 28, 2016, no pet.) (mem. op.). The account must show with reasonable certainty the name, date, and charge for each item and provide specifics or details as to how the figures were derived. *Panditi*, 180 S.W.3d at 926. General statements without description of specific items are insufficient to comply with Rule 185. *Mega*

–11–

*Builders, Inc. v. Am. Door Prods., Inc.*, No. 01-12-00196-CV, 2013 WL 1136584, at *6 (Tex. App.—Houston [1st Dist.] Mar. 19, 2013, no pet.) (mem. op.) (quoting *Jones v. Ben Maines Air Conditioning, Inc.*, 621 S.W.2d 437, 439 (Tex. App.—Texarkana 1981, no writ)); *Dibco Underground, Inc. v. JCF Bridge & Concrete, Inc.*, No. 03-09-00255-CV, 2010 WL 1413071, at *7 (Tex. App.—Austin Apr. 8, 2010, no pet.) (mem. op.).

### 2. Affidavit and Verified Denial

A suit on a sworn account must be accompanied by the affidavit of the plaintiff, his agent, or his attorney taken before an officer authorized to administer oaths. TEX. R. CIV. P. 185; *Panditi*, 180 S.W.3d at 926. Rule 185 requires the affidavit to state that (1) the claim is within the knowledge of the affiant; (2) the claim is just and true; (3) the account is due; and (4) all just and lawful offsets, payments, and credits have been allowed. *Panditi*, 180 S.W.3d at 926.

A defendant resisting a suit on a sworn account must comply with the rules of pleading and timely file a verified denial or he will not be permitted to dispute the receipt of the services or the correctness of the charges. *Id.* However, a defendant is not required to file a sworn denial if the plaintiff's suit on a sworn account was not properly pleaded. *Id.*

### C. Rising S Failed to Establish that Goods and Services Were Delivered or that Claim Was Just

Rising S's petition, verification, and account do not "strictly comply" with the requirements of rule 185 as required. *See Rudberg v. N.B.P.*, No. 05-13-00535-CV,

–12–

2014 WL 3016910, at *4 (Tex. App.—Dallas July 2, 2014, no pet.) (mem. op.). The systematic record of the account and the affidavit are each deficient under the requirements of Rule 185.

The record of the account consisted of a lone invoice that stated a single date and no details as to how any of the charges were derived. Furthermore, under our precedent, this invoice by itself does not show sale and delivery of goods and services. *See Gevinson Assocs. v. Ling Elec., Inc.*, 373 S.W.2d 564, 566 (Tex. App.—Dallas 1963, no writ) ("Proof that the alleged services were invoiced is not proof that they were performed.").

The record also does not contain an affidavit swearing that the claim is "just and true." TEX. R. CIV. P. 185. Rising S did not otherwise establish the justness of the charges; the parties' contract provides no price terms for these additional charges, and Rising S submitted nothing to establish that the charges were usual, customary, and reasonable.

We conclude that Rising S failed to carry its initial burden under Rule 185. *See Pura Vida*, 2018 WL 3135099, at *5 (holding plaintiff did not satisfy initial burden because it failed to establish that its charges were in accordance with an express contract or were usual, customary, or reasonable); *Parillo*, 2016 WL 3547965, at *3 (same); *see also MG Int'l Menswear, Inc. v. Robert Graham Designs LLC*, No. 05-18-00517-CV, 2019 WL 642724, at *4 (Tex. App.—Dallas Feb. 15, 2019, no pet.) (mem. op.). Hale was therefore not required to file a sworn denial,

–13–

*see Panditi*, 180 S.W.3d at 927, and the trial court erred to the extent that it granted a directed verdict on the sworn account claim based on the lack of a sworn denial, *see Tandan*, 377 S.W.3d at 894. To that extent, we sustain Hale's second issue.

## D. Payment of a Jury Fee Is Not Required for a Directed Verdict on the Pleadings

Within her second issue, Hale also argues that the trial court erred in granting a directed verdict on Rising S's sworn account because Rising S never paid a jury fee. For two reasons, we disagree.

First, the case was summarily disposed of by the trial court before the jury was even empaneled. All remaining issues were resolved by the trial court, not a jury. This was the opposite of a jury trial, "in which the factual issues are determined by a jury, not by the judge." *Trial*, BLACK'S LAW DICTIONARY (11th ed. 2019). Because there was no jury trial, there could be no error in connection with Rising S's failure to pay a jury fee.

Second, even if there had been a trial by jury, Hale herself demanded a jury trial and paid a jury fee. When one party demands a jury and pays a jury fee, all other parties in the suit secure the right to a jury trial. *White Motor Co. v. Loden*, 373 S.W.2d 863, 865 (Tex. App.—Dallas 1963, no writ). All other parties in the suit can rely upon one party's proper jury request. *In re Marriage of Harrison*, 557 S.W.3d 99, 136 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (op. on reh'g). Therefore, Rising S was entitled to rely on Hale's jury demand. We overrule that portion of her second issue.

## IV. ISSUES 3 AND 5: HALE NONSUITED ALL HER COUNTERCLAIMS, WHICH WERE NOT TRIED BY CONSENT

In her third and fifth issues, Hale argues that the trial court erred to the extent that it "dismissed" her counterclaims after she nonsuited them. She asserts that any pleading deficiency (i.e., her total nonsuit) was waived and that the claims she had formerly alleged were tried by consent.

Under Texas law, parties have an absolute right to nonsuit their own claims for relief at any time during the litigation until they have introduced all evidence other than rebuttal evidence at trial. TEX. R. CIV. P. 162; *Villafani v. Trejo*, 251 S.W.3d 466, 468–69 (Tex. 2008). "In civil causes generally, filing an amended petition that does not include a cause of action effectively nonsuits or voluntarily dismisses the omitted claims as of the time the pleading is filed." *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Hous. Sys.*, 255 S.W.3d 619, 632 (Tex. 2008). No hearing is necessary to effect the nonsuit, and entry of an order granting the nonsuit is ministerial. *Id.* Our rules provide that amended pleadings and their contents take the place of prior pleadings. *Id.* at 633 (citing TEX. R. CIV. P. 65). "So, causes of action not contained in amended pleadings are effectively dismissed at the time the amended pleading is filed, except for possible circumstances not present here," such as when a pleading specifically reserves the right to reassert a claim or appeal the dismissal of a claim. *Id.*

Hale nonsuited all of her claims in her third amended petition, which she filed on October 20, 2020. The trial court did not grant the first of the partial summary

judgments on some of Hale's claims until November 12, 2020. It granted a second partial summary judgment on other of Hale's claims in late 2021. Finally, on the morning that the jury trial was set to commence, Rising S pointed out that Hale had long since nonsuited her claims and objected to their submission. Hale argued that the claims should be tried by consent at a jury trial, but the trial court sustained Rising S's objection and refused to allow her to present the nonsuited claims to a jury.

One question is whether Hale's claims were tried by consent at the summary judgment stage. We recognize that "[t]rial by consent may be appropriate in some limited summary judgment contexts." *Freyer v. Lyft, Inc.*, 639 S.W.3d 772, 783 (Tex. App.—Dallas 2021, no pet.) (quoting *John C. Flood of DC, Inc. v. SuperMedia, L.L.C.*, 408 S.W.3d 645, 655 (Tex. App.—Dallas 2013, pet. denied)); *see* Tex. R. Civ. P. 67. "However, trial by consent is not intended to establish a general rule of practice and should be applied with care and in no event in a doubtful situation." *Freyer*, 639 S.W.3d at 783. This case is the very definition of a doubtful situation. Here, a party undeniably nonsuited her entire lawsuit long before the partial summary judgments issued, though it appears that the total nonsuit was overlooked due to the confusing nature of her pro se filings. Additionally, the trial court expressly rejected Hale's claim of trial by consent by sustaining Rising S's objection. "Trial by consent does not occur where the complaining party properly objects to the submission of issues not raised by the pleadings." *Webb v. Glenbrook*

–16–

*Owners Ass'n, Inc.*, 298 S.W.3d 374, 380 (Tex. App.—Dallas 2009, no pet.). Finally, we have refused to apply the doctrine of trial by consent for summary judgment purposes where, as here, neither party has supplied a record of the summary judgment hearings so that we may determine whether the issue was truly tried by consent. *See Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 695 (Tex. App.—Dallas 2008, no pet.). We therefore decline to hold that Hale's *entire lawsuit* was tried by consent after she definitively nonsuited it.

A nonsuit extinguishes a case from the moment it is filed, and the entry of an order in conformity with the nonsuit is ministerial. *See FKM P'ship,* 255 S.W.3d at 632–33. The trial court could not render summary judgments disposing of these claims because all of Hale's counterclaims had been nonsuited for over a month by the time of the first partial summary judgment and for well over a year by the time of the second partial summary judgment in late 2021. *See Benit v. Primalend Capital Partners, LP.*, No. 05-21-00024-CV, 2022 WL 1438944, at *4 (Tex. App.—Dallas May 6, 2022, no pet.) (mem. op.); *Cent. Ref., L.L.C. v. Calderon*, No. 05-17-01372-CV, 2018 WL 5784529, at *1 (Tex. App.—Dallas Nov. 5, 2018, no pet.) (mem. op.); *Ivanov v. Hughes*, No. 05-10-00741-CV, 2011 WL 2685975, at *3 (Tex. App.—Dallas July 12, 2011, no pet.) (mem. op.).

Another question is whether Hale's claims were tried by consent at the jury trial stage. We conclude they were not. Rising S specifically objected on the morning of trial to the submission of the issues that Hale had nonsuited, and as a

–17–

result, the claims were not submitted for a jury's consideration. *See Webb*, 298 S.W.3d at 380.

On appeal, Hale continues to dispute the trial court's "dismissal" of her claims and the merits of the summary judgments. But she is the one who dismissed her own claims, and it was no error for the trial court to ministerially recognize the legal effect of her nonsuit.

Further, because all of Hale's complaints concerning the merits of her counterclaims relate to causes of action that she voluntarily nonsuited prior to any summary judgment ruling or jury trial, these appellate complaints are moot. *See Paselk v. Rabun*, 293 S.W.3d 600, 607 n.9 (Tex. App.—Texarkana 2009, pet. denied); *see also Villafani*, 251 S.W.3d at 469 (recognizing that a nonsuit of claims may render an appeal regarding the claims moot). "[T]he right to complain on appeal regarding an erroneous ruling dismissing a claim is lost when the aggrieved party files an amended pleading abandoning the claim upon which the trial court ruled." *Watanabe v. Summit Path Partners, LLC*, 650 S.W.3d 112, 132 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (quoting *Namdarkhan v. Glast, Phillips & Murray, P.C.*, No. 05-18-00802-CV, 2020 WL 1969507, at *9 (Tex. App.—Dallas Apr. 24, 2020, pet. denied) (mem. op.)).

We overrule Hale's third and fifth issues.

## V. ISSUE 4: THE DENIAL OF SANCTIONS WAS NOT AN ABUSE OF DISCRETION

In her fourth issue, Hale contends that the trial court erred by denying sanctions against Rising S, Gary Lynch, Clyde Scott, and Misty Pratt.

### A. Standard of Review

The party seeking sanctions has the burden of showing her right to relief. *GTE Commc'n Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993) (orig. proceeding). We review the denial of sanctions for an abuse of discretion. *Estate of Howells*, No. 05-20-00720-CV, 2022 WL 1222826, at *3 (Tex. App.—Dallas Apr. 26, 2022, no pet.) (mem. op.). For matters committed to the trial court's discretion, we determine whether the ruling was unreasonable or arbitrary or whether the court acted without reference to any guiding rules or principles. *Id.* In deciding whether the denial of sanctions constitutes an abuse of discretion, we examine the entire record and review the conflicting evidence in the light most favorable to the trial court's ruling while drawing all reasonable inferences in favor of the court's judgment. *Id.* In reviewing the trial court's sanction orders, we ordinarily look to its formal findings of fact and conclusions of law. *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 756 (Tex. App.—Dallas 1993, no writ). When the trial court does not make findings of fact and conclusions of law, we imply all necessary fact findings to support it. *Id.* We uphold the judgment on any applicable theory that finds support in the record. *Id.*

–19–

**B.    Discussion**

Hale filed two motions for sanctions.  On appeal, Hale devotes her attention to two allegations she voiced in her second motion for sanctions, along with many other complaints that she did not raise in either motion and thus failed to preserve. *See* TEX. R. APP. P. 33.1.  In this second motion, Hale challenged what she perceived as discovery violations—that Rising S objected to her discovery requests but later presented evidence that, in her view, would have been responsive—and her belief that Rising S reached a secret agreement with her consulting expert to sabotage her case.

Discovery sanctions are authorized by rule 215.2.  *Shops at Legacy (Inland) LP v. Fine Autographs & Memorabilia Retails Stores, Inc.*, 418 S.W.3d 229, 232 (Tex. App.—Dallas 2013, no pet.); *see* TEX. R. CIV. P. 215.2.  If a trial court finds a party is abusing the discovery process in seeking, making, or resisting discovery, then the trial court may, after notice and hearing, impose any appropriate sanction authorized by rule 215.2(b)(1)-(5) and (8).  *Shops at Legacy*, 418 S.W.3d at 232.

As to the alleged discovery abuse, Hale does not point to any specific discovery rule that Rising S may have violated by partially responding to written discovery requests but withholding other discovery until its objections were resolved.  A party is required to comply with written discovery *to the extent no objection is made* unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.  TEX. R. CIV. P. 193.2(b) & cmt. 2; *In re Fisher*

*& Paykel Appliances, Inc.*, 420 S.W.3d 842, 847 (Tex. App.—Dallas 2014, orig. proceeding). To validly object to a discovery request, a party "must state specifically the legal or factual basis for the objection and the extent to which the party is refusing to comply with the request." *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 798 (Tex. 2008) (quoting TEX. R. CIV. P. 193.2(a)). Hale does not appear to have litigated or obtained findings on the validity of Rising S's objections through a motion to compel, *see* TEX. R. CIV. P. 215.3, and on appeal, Hale does not explore the substance of the objections, *see* TEX. R. APP. P. 38.1(i). Hale has not shown that Rising S's objections and partial discovery responses rendered the court's denial of sanctions an abuse of discretion.

As for Hale's request for sanctions concerning improper contact with her expert witness, she supported this request only with several unauthenticated pages of what appear to be text messages. In the messages, one of Rising S's principals, Lynch, spoke directly with Ronald Hubbard, whom Hale describes as her expert, and asked him what his involvement with the case was and joked about Hale. Hale contends that Lynch's contact with her expert was improper and that the denial of sanctions was therefore an abuse of discretion. *See, e.g.*, *Aguilar v. Trujillo*, 162 S.W.3d 839, 846 (Tex. App.—El Paso 2005, pet. denied) (concluding that ex parte contact with a consulting expert could be sanctionable under rule of civil procedure 215).

"But an imposition of sanctions cannot be based merely on a party's bald assertions." *Glob. Servs., Inc. v. Bianchi*, 901 S.W.2d 934, 938 (Tex. 1995) (orig. proceeding). There must be some evidence to show an abuse of discovery before sanctions can be imposed. *Id.*; *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 668 (Tex. App.—Dallas 2003, no pet.).

Documents attached to pleadings are not evidence unless they are offered and admitted as evidence by the trial court. *Pitts v. Bank of N.Y. Mellon Tr. Co., N.A.*, 622 S.W.3d 596, 599 (Tex. App.—Dallas 2021, no pet.) (mem. op.). Exhibits tendered but not admitted into evidence are not part of the record and cannot be considered on appeal. *Id.*

The record contains no indication that the text messages were admitted into evidence at the hearing on her motion. Indeed, Hale has failed to produce a reporter's record of the hearing on her motion for sanctions that might have established that the text messages were in evidence or that the court abused its discretion, and she did not designate a partial record for purposes of appeal in compliance with appellate rule 34.6. *See* TEX. R. APP. P. 34.6. Therefore, the text messages are not part of the record and cannot be considered on appeal.

Without a reporter's record, an appellate court generally cannot review a trial court's order for an abuse of discretion. *Willms v. Ams. Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied), *supplemented on denial of reh'g* (May 5, 2006). A judge is presumed to have acted within his discretion unless the

record discloses the contrary. *Marion v. Davis*, 106 S.W.3d 860, 869 (Tex. App.—Dallas 2003, pet. denied). Because Hale failed to bring forth a complete reporter's record and failed to comply with the appellate rule regarding a partial reporter's record, we must presume that the omitted portions support the trial court's disposition on sanctions. *Id.*; *see Faubion v. Comm'n for Lawyer Discipline*, 79 S.W.3d 264, 265 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (mem. op.) (presuming that missing portions of record supported order on sanctions); *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (same).

We overrule Hale's fourth issue.

## VI.    CONCLUSION

We reverse the final judgment to the extent that it granted relief on Rising S's claim for suit on sworn account and remand for further proceedings consistent with this appeal. We affirm the final judgment in all other respects.


211103f.p05                                   /Emily Miskel/
                                              EMILY MISKEL
                                              JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

SANDRA HALE, Appellant

No. 05-21-01103-CV      V.

RISING S COMPANY, LLC, GARY
LYNCH, CLYDE WAYNE SCOTT,
IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES, Appellees

On Appeal from the County Court at
Law No. 1, Kaufman County, Texas
Trial Court Cause No. 100179-CC.
Opinion delivered by Justice Miskel.
Justices Carlyle and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment that awards Rising S relief on its suit on sworn account. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 30th day of May 2023.